[No. B200505. Second Dist., Div. Three. Mar. 19, 2009.]

DARTHEATUS LLOYD, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are those portions enclosed within double brackets, [[ ]].

**COUNSEL**

Law Offices of Leo James Terrell and Leo James Terrell for Plaintiff and Appellant.

Thomas and Thomas, Michael Thomas; Greines, Martin, Stein & Richland, Martin Stein and Alison M. Turner for Defendant and Respondent.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant Dartheatus Lloyd (Lloyd) appeals a judgment following a grant of summary judgment in favor of his former employer, defendant and respondent County of Los Angeles (the County).

The essential issues presented are whether Lloyd's action is barred by a failure to exhaust administrative remedies, and if not, whether a triable issue of material fact exists so as to preclude summary judgment.

In the published portion of this opinion, we hold:

Lloyd's claim he suffered a retaliatory dismissal for whistleblower activity did not constitute a claim of discrimination on the basis of a "non-merit factor" within the meaning of rule 25.01 of the County's Civil Service Rules (rules). Therefore, Lloyd was not required to exhaust his administrative remedies under the County's internal rules.

We also hold Lloyd's causes of action alleging statutory violations of the Labor Code are not barred by his failure to exhaust the administrative remedy afforded by Labor Code section 98.7. There is no requirement that a plaintiff pursue the Labor Code administrative procedure prior to pursuing a statutory cause of action. (*Daly v. Exxon Corp.* (1997) 55 Cal.App.4th 39, 46 [63 Cal.Rptr.2d 727]; *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338, 1359 [95 Cal.Rptr.2d 28].)

We further hold Lloyd's common law tort claims against the County, alleging retaliation and wrongful termination in violation of public policy, are barred by Government Code section 815's elimination of common law tort liability for public entities. (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899 [80 Cal.Rptr.3d 690, 188 P.3d 629].)

In the unpublished portion of the opinion, we address the merits of Lloyd's other causes of action. We conclude the County met its burden to establish a legitimate justification for its employment decisions, and that Lloyd failed to raise a triable issue of material fact as to whether the County's reasons were pretextual. Therefore, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Employment history.*

In 1991, Lloyd commenced his employment with the County. In 1995, he became a permanent heat and frost insulator. In June 2003, Lloyd was laid

off. In March 2004, he was rehired as a temporary employee. He worked in that capacity until January 2006, until he was laid off for a second time.

### 2. Pleadings.

The operative second amended complaint, filed June 9, 2006, sets forth five causes of action against the County. The gravamen of the action is that Lloyd (1) was laid off initially, (2) rehired as a *temporary* employee, (3) kept in a temporary appointment for nearly two years, and then (4) was laid off for a second time, all in retaliation for his complaints about asbestos removal at Los Angeles County+USC Medical Center (LAC+USC) and his refusal to remove asbestos without being duly certified.

The first cause of action alleges retaliation in violation of public policy (Cal. Const., art. I, § 1). The second cause of action alleges retaliation in violation of whistleblower statutes (Lab. Code, §§ 6310, 6311). The third cause of action alleges retaliation in violation of public policy (Cal. Const., art. I, § 8). The fourth cause of action alleges retaliation in violation of whistleblower statutes (Lab. Code, §§ 98.6, 1102.5, 6399.7; Gov. Code, § 8547). The fifth cause of action alleges retaliation in violation of the public policy delineated in said statutes.

### 3. Summary judgment proceedings.

#### a. Moving papers.

On March 12, 2007, the County filed a motion for summary judgment, arguing Lloyd could not establish a prima facie case of retaliation. The County further contended it had legitimate, nondiscriminatory reasons for the adverse employment actions of which Lloyd complained.

Specifically, the County asserted Lloyd was laid off in 2003 because (1) there was a departmentwide workforce reduction, part of an effort to reduce the budget for the County's Department of Health Services (Department); (2) the reduction affected the permanent heat and frost insulator positions; and (3) Lloyd was the least senior heat and frost insulator at the time of the reduction.

Thereafter, Lloyd was rehired in March 2004 as a *temporary* employee because (1) six months after Lloyd was laid off, the County realized it needed an additional heat and frost insulator at LAC+USC; (2) at that time, LAC+USC had a budget for an additional 1.7 temporary positions; and (3) the County rehired Lloyd because he was at the top of the rehire list.

The County further contended it retained Lloyd in that capacity for nearly two years because various projects warranted Lloyd's continued employment.

Finally, Lloyd was laid off from his temporary appointment in January 2006 due to a lack of work.

### b. *Opposition papers.*

In opposition, Lloyd asserted the following facts were undisputed: (1) he was illegally ordered to remove asbestos without proper certification; (2) he was twice fired for refusing to remove asbestos illegally; (3) the County retaliated against him by maintaining him in a temporary position exceeding 12 months, in violation of civil service rules; (4) he made numerous requests for an investigation into unlawful asbestos removal but the County failed and refused to conduct such an investigation; and (5) despite the existence of numerous job opportunities and openings, the County denied him permanent employment.

### c. *Trial court's ruling.*

On June 1, 2007, the matter came on for hearing. The trial court granted the motion for summary judgment and orally delivered its ruling, as follows:

"There is no triable issue of fact that defendant had legitimate, nondiscriminatory reasons for its employment decisions. [¶] . . . [¶] Defendant has provided evidence of legitimate nonretaliatory reasons for plaintiff's terminations from permanent and temporary employment. The termination from permanent employment was due to budget cuts. The termination of temporary employment was due to lack of work. Plaintiff has failed to produce evidence that the reasons were pretextual.

"There is no evidence of proximity in time between the protected activity, refusing to remove asbestos and making complaints that he was asked to remove asbestos. Plaintiff was first asked to remove asbestos in 2001, two years before his termination. Plaintiff refused to remove asbestos ten to 15 times before his termination. Plaintiff engaged in the protected activity repeatedly over two years before termination without consequences.

"As a temporary employee, plaintiff also refused to remove asbestos and within the first three months of employment, filed two complaints that he was being asked to illegally remove asbestos. However, he was not terminated as a temporary employee until January, 2007, well over a year after he filed his complaint.

"Plaintiff also claims he was not given permanent status. The evidence is undisputed that the job posting at the time of his termination was in error and withdrawn, that the funding for his temporary position was only for a temporary, not permanent, position, and that plaintiff's name would remain on the rehire list for one year. The positions plaintiff states that he was not offered were advertised in January, 2006, after a rehire list expired. Plaintiff has not alleged that he applied for those jobs. Defendant did not have the ability to make his temporary position permanent, nor would defendant offer plaintiff a job for which he did not apply.

"It is necessary for each of the causes of action that plaintiff establish he was subject to retaliation. As plaintiff has not raised a triable issue of fact to defeat defendant's legitimate, nondiscriminatory retaliatory reasons for its actions, the motion for summary judgment is granted."

Lloyd filed a timely notice of appeal from the judgment.

## CONTENTIONS

Lloyd contends he established a prima facie case of retaliation; the County failed to meet its burden to present a nonretaliatory justification for each of its four adverse employment decisions; his evidence created a factual issue as to whether the County's purported justifications for its adverse employment decisions were pretextual; and any exhaustion argument by the County is irrelevant.

The County contends summary judgment should be affirmed on the ground that Lloyd failed to exhaust his administrative remedies, and moreover, Lloyd failed to present evidence to create a triable issue of fact as to whether the County's reasons for its actions were a pretext for retaliation.

## DISCUSSION

I. *Trial court properly rejected the County's claim that Lloyd was required to exhaust internal administrative remedies prior to filing suit.*[1]

Citing the rule of exhaustion of administrative remedies (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942];

---

[1] The issue of exhaustion of internal administrative remedies was raised in a demurrer by the County to the second amended complaint. The demurrer was overruled. The trial court ruled the civil service rule upon which the County relied did not apply to whistleblower retaliation claims. In view of that ruling, the County did not raise that issue in its motion for summary judgment. Nonetheless, the trial court's ruling on the demurrer is reviewable on the appeal from the final judgment. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 152, p. 229.) Therefore, although the County did not seek summary judgment on the ground that Lloyd

*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 [25 Cal.Rptr.3d 320, 106 P.3d 976]), the County contends Lloyd was obligated to pursue internal administrative remedies pursuant to the County's civil service rules, and his failure to exhaust bars his entire action. The County's argument is meritless because Lloyd's claim he suffered discrimination based on *whistleblowing* is not governed by the internal rules on which the County relies. We agree with the trial court's resolution of this issue.

Rule 4.01 provides in relevant part: "Right to petition for a hearing. *Any employee or applicant for employment may petition for a hearing before the commission who is*: [¶] A. Adversely affected by any action or decision of the director of personnel concerning which *discrimination* is alleged as provided in Rule 25." (Italics added.)

Rule 25.01 provides: "Employment practices. [¶] A. No person in the classified service or seeking admission thereto shall be appointed, reduced or removed, or in any way favored or *discriminated against in employment* or opportunity for employment because of race, color, religion, sex, physical handicap, medical condition, marital status, age, national origin or citizenship, ancestry, political opinions or affiliations, organizational membership or affiliation, *or other non-merit factors*, any of which are not substantially related to successful performance of the duties of the position. *'Non-merit factors' are those factors that relate exclusively to a personal or social characteristic or trait and are not substantially related to successful performance of the·duties of the position.* Any person who appeals alleging discrimination based on a non-merit factor must name the specific non-merit factor(s) on which discrimination is alleged to be based. *No hearing shall be granted nor evidence heard relative to discrimination based on unspecified non-merit factors*." (Italics added.)

The County contends a claim of retaliation for whistleblower activity is discrimination on the basis of a "non-merit factor" within the meaning of rule 25.01. In support, the County relies on *Shuer v. County of San Diego* (2004) 117 Cal.App.4th 476 [11 Cal.Rptr.3d 776] (*Shuer*), which held an employee's complaint that her dismissal was retaliatory was a complaint of discrimination based on a non-job-related factor and thus cognizable by that county's civil service commission. (*Id.* at p. 485.)

However, the County's attempt to equate rule 25.01 with the provision considered by the *Shuer* court is unpersuasive. There, "[t]he charter and rules repeatedly state that all employment decisions must be made on the basis of *'job related qualifications, merit* and equal opportunity without regard to age,

---

failed to exhaust his internal administrative remedies, the County is entitled to argue this issue on appeal as a basis for affirmance of the judgment.

color, creed, disability, national origin, political affiliation, race, religion, sex, or any other *non-job-related factor*.' (San Diego County Charter, art. IX, § 901, italics added; Civil Service Rules, rule 6.1.1, italics added.)" (*Shuer, supra*, 117 Cal.App.4th at p. 485.) Guided by that definition, *Shuer* found a decision to dismiss an employee "for revealing unethical or illegal conduct by county employees is to discriminate against her based on a non-job-related factor." (*Ibid.*)

■ In contrast, rule 25.01 contains its own definition of discrimination based on nonmerit factors. Rule 25.01 was written much more narrowly than the provision construed by the *Shuer* court. Pursuant to rule 25.01, " *'Nonmerit factors' are those factors that relate exclusively to a personal or social characteristic or trait* and are not substantially related to successful performance of the duties of the position." (Italics added.) Obviously, whistleblowing is *conduct*—it is not a "personal or social characteristic or trait." Therefore, a claim of retaliation for whistleblower activity does not constitute discrimination on the basis of a nonmerit factor within the meaning of rule 25.01.

Because Lloyd's claim he suffered a retaliatory dismissal for whistleblower activity does not fall within the ambit of rule 25.01, we reject the County's contention that Lloyd was required to exhaust said internal administrative remedy prior to filing suit.

II. *Lloyd's first, third and fifth causes of action, purporting to plead common law tort claims against the County, fail to state a cause of action.*

Turning to the operative second amended complaint, Lloyd's first cause of action alleges retaliation in violation of the public policy set forth in article I, section 1 of the California Constitution.[2] Specifically, Lloyd pled "Defendants retaliated against [him] by terminating his employment in 2003, by hiring him back in 2004 as a temporary employee, by keeping him as a temporary employee for over one year and by threatening to terminate his employment."

The third cause of action alleged retaliation in violation of the public policy contained in article I, section 8 of the California Constitution.[3]

---

[2] Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

[3] Article I, section 8 of the California Constitution provides: "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because

Specifically, Lloyd pled "Defendants retaliated against [him] by terminating his employment on or about January 27, 2006, effective on January 31, 2006."

The fifth cause of action, a *Tameny* claim,[4] alleged wrongful termination in violation of the public policy against retaliation for whistleblower activity, predicated on the public policies set forth in Labor Code sections 98.6, 1102.5 and 6399.7, and Government Code section 8547, relating to whistleblower activity.

It is unnecessary to address whether a triable issue exists with respect to these three causes of action because said causes of action against the County fail to state a claim. *Miklosy, supra,* 44 Cal.4th 876, is controlling.

■ *Miklosy* states: "The Government Claims Act (§ 810 et seq.) establishes the limits of common law liability for public entities, stating: '*Except as otherwise provided by statute*: [¶] (a) A public entity is *not liable* for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.' (§ 815, subd. (a), italics added.) The Legislative Committee Comment to section 815 states: 'This section *abolishes all common law or judicially declared forms of liability for public entities,* except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation. . . .' (Legis. Com. com., 32 West's Ann. Gov. Code (1995) foll. § 815, p. 167, italics added.) *Moreover, our own decisions confirm that section 815 abolishes common law tort liability for public entities.* (See *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1179 [7 Cal.Rptr.3d 552, 80 P.3d 656]; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127–1128 [119 Cal.Rptr.2d 709, 45 P.3d 1171]; see also *Adkins v. State of California* (1996) 50 Cal.App.4th 1802, 1817–1818 [59 Cal.Rptr.2d 59]; *Michael J. v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal.App.3d 859, 866–867 [247 Cal.Rptr. 504].)" (*Miklosy, supra,* 44 Cal.4th at p. 899, first and last italics added.)

■ Therefore, "[Government Code] section 815 bars *Tameny* actions against public entities." (*Miklosy, supra,* 44 Cal.4th at p. 900.) Accordingly, Lloyd's fifth cause of action against the County, a *Tameny* claim for wrongful termination in violation of public policy, fails to state a claim. Lloyd's first and third causes of action, which purport to allege common law claims against the County for retaliation in violation of public policy, similarly are infirm. (*Ibid.*)

---

of sex, race, creed, color, or national or ethnic origin." For purposes of this appeal, Lloyd concedes said constitutional provision would not support his claim.

[4] *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330].

■ We recognize that notwithstanding the elimination of common law tort liability for public entities, they remain liable under the doctrine of respondeat superior for the actions of their employees. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 209 [285 Cal.Rptr. 99, 814 P.2d 1341].) Irrespective of Government Code section 815's elimination of common law tort liability for public entities, a public employee generally is liable for an injury caused by his or her act or omission to the same extent as a private person (Gov. Code, § 820, subd. (a); *Zelig v. County of Los Angeles, supra,* 27 Cal.4th at p. 1127), and "when the act or omission of the public employee occurs in the scope of employment the public entity will be vicariously liable for the injury . . ." (*Zelig, supra,* at p. 1127, citing Gov. Code, § 815.2). Therefore, Lloyd asserts that even if the County cannot be held directly liable for his common law claims, the County may nonetheless be held liable for the actions of its employees within the course and scope of their employment under the respondeat superior doctrine.

■ The flaw in Lloyd's argument is that "a *Tameny* action for wrongful discharge can only be asserted against *an employer.* An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which *an employer* commits that tort." (*Miklosy, supra,* 44 Cal.4th at p. 900.) Likewise, a "supervisor, when taking retaliatory action against the employee, is necessarily exercising authority the employer conferred on the supervisor . . . . Thus, in a retaliation case, it is the *employer's adverse employment action* that constitutes the substance of the tort, and the supervisor's action merges with that of the employer." (*Id.* at pp. 901–902, fn. 8.)

■ Therefore, a common law *Tameny* cause of action for wrongful termination, or a claim of retaliation, lies only against the employer, not against the supervisor through whom the employer commits the tort. (*Miklosy, supra,* 44 Cal.4th at pp. 900–901.) Accordingly, the doctrine of respondeat superior has no application to Lloyd's common law claims against the County.

In sum, pursuant to the principles set forth in *Miklosy, supra,* 44 Cal.4th 876, Lloyd's first, third and fifth causes of action against the County are barred by Government Code section 815.

### III. *Second and fourth causes of action alleging Labor Code violations.*

1. *With respect to 2d and 4th causes of action for Labor Code violations, no requirement that plaintiff exhaust Labor Code administrative remedy.*

The County asks this court to hold that Lloyd's failure to exhaust the administrative remedy of Labor Code section 98.7 bars Lloyd's second and fourth causes of action for statutory violations of the Labor Code.

Labor Code section 98.7 provides in relevant part: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner *may file* a complaint with the division within six months after the occurrence of the violation." (*Id.*, subd. (a), italics added.) "Each complaint of unlawful discharge or discrimination shall be assigned to a discrimination complaint investigator who shall prepare and submit a report to the Labor Commissioner based on an investigation of the complaint." (*Id.*, subd. (b).) If the Labor Commissioner "determines a violation has occurred, he or she shall notify the complainant and respondent and direct the respondent to cease and desist from the violation and take any action deemed necessary to remedy the violation, including, where appropriate, rehiring or reinstatement, reimbursement of lost wages and interest thereon, payment of reasonable attorney's fees . . . and the posting of notices to employees." (*Id.*, subd. (c).) If the Labor Commissioner "determines no violation has occurred, he or she shall notify the complainant and respondent and shall dismiss the complaint. . . . *The complainant may, after notification of the Labor Commissioner's determination to dismiss a complaint, bring an action in an appropriate court,* which shall have jurisdiction to determine whether a violation occurred, and if so, to restrain the violation and order all appropriate relief to remedy the violation. Appropriate relief includes, but is not limited to, rehiring or reinstatement of the complainant, reimbursement of lost wages and interest thereon, and other compensation or equitable relief as is appropriate under the circumstances of the case." (*Id.*, subd. (d)(1), italics added.) Finally, subdivision (f) of Labor Code section 98.7 provides: "*The rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law.*" (Italics added.) Therefore, it would appear Labor Code section 98.7 merely provides the employee with an additional remedy, which the employee may choose to pursue.

Further, case law has recognized there is no requirement that a plaintiff proceed through the Labor Code administrative procedure in order to pursue a statutory cause of action. (*Daly v. Exxon Corp., supra,* 55 Cal.App.4th at

p. 46 [suit under Lab. Code, § 6310 alleging retaliation for complaint of unsafe working conditions]; *Murray v. Oceanside Unified School Dist., supra,* 79 Cal.App.4th at p. 1359 [suit under Lab. Code, former § 1102.1 relating to sexual orientation discrimination].) We see no reason to differ with these decisions and to impose an administrative exhaustion requirement on plaintiffs seeking to sue for Labor Code violations.

We make the additional observation that construing Labor Code section 98.7 to obligate a plaintiff to seek relief from the Labor Commissioner prior to filing suit for Labor Code violations flies in the face of the concerns underlying the Labor Code Private Attorneys General Act of 2004 (PAG Act) (Lab. Code, § 2698 et seq.). As we stated in *Dunlap v. Superior Court* (2006) 142 Cal.App.4th 330, 337 [47 Cal.Rptr.3d 614], the PAG Act was adopted to augment the enforcement abilities of the Labor Commissioner with a private attorney general system for labor law enforcement. "The Legislature declared its intent as follows: '(c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future. [¶] (d) *It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general,* while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act.' (Stats. 2003, ch. 906, § 1, italics added.)" (142 Cal.App.4th at p. 337.) The PAG Act's approach, enlisting aggrieved employees to augment the Labor Commissioner's enforcement of state labor law, undermines the notion that Labor Code section 98.7 compels exhaustion of administrative remedies with the Labor Commissioner.

We now turn to the merits of Lloyd's second and fourth causes of action against the County.

> 2. *No triable issue of material fact with respect to second and fourth causes of action; the County met its burden to show a legitimate justification for its employment decisions and Lloyd failed to raise a triable issue with respect to whether the County's reasons were pretextual.*

[[ ]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 320.

## DISPOSITION

The judgment is affirmed. The parties shall bear their respective costs on appeal.

Kitching, J., and Aldrich, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 10, 2009, S172156.