Filed 8/27/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)


| | |
|---|---|
| AARON MacDONALD, | C069646 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2011-00259201-CU-WT-STK) |
| v. | |
| STATE OF CALIFORNIA et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Joaquin County, Barbara A. Kronlund, Judge. Affirmed.

Corren & Corren and Adam Blair Corren for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Senior Assistant Attorney General, Scott H. Wyckoff, Supervising Deputy Attorney General and Mark J. Tamblyn, Deputy Attorney General, for Defendant and Respondent State of California.

Diane Boyer-Vine, Legislative Counsel, Robert A. Pratt, Principal Deputy Legislative Counsel; Renne Sloan Holtzman Sakai, Timothy G. Yeung and Erich W. Shriners for Defendant and Respondent California State Assembly.

1

The issue presented by this appeal is whether an employee must exhaust the administrative remedy set forth in Labor Code section 98.7[1] before filing suit in superior court for retaliatory discharge in violation of sections 1102.5 and 6310. We shall conclude that under the rule of exhaustion announced in *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (*Abelleira*), and reaffirmed in *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 (*Campbell*), exhaustion is required. We shall therefore affirm the judgments entered in defendants' favor after the trial court sustained defendants' demurrers without leave to amend.

FACTUAL AND PROCEDURAL BACKGROUND

According to the operative first amended complaint, plaintiff Aaron MacDonald was hired by defendants State of California (State) and California State Assembly (Assembly) to work at one of defendants' offices in San Joaquin County. Several months later, plaintiff complained to supervisors Michael Quattrocioochi, Evan Oneto, and Linda Hansma that Quattrocioochi "was illegally and/or inappropriately smoking at the Defendants' office where Plaintiff worked in violation of California Labor Code § 6404.5 and California Government Code § 7597."[2] Hansma informed plaintiff that "these smoking issues were a serious . . . problem [and] would be addressed . . . ." Less than two weeks later, plaintiff was fired.

Plaintiff's first amended complaint sets forth two causes of action: (1) retaliatory discharge in violation of section 1102.5; and (2) retaliatory and discriminatory discharge in violation of section 6310. The Assembly demurred to the first amended complaint,

---

[1]   Further unspecified statutory references are to the Labor Code.

[2]   Section 6404.5, subdivision (b), prohibits the smoking of tobacco products in enclosed places of employment. Government Code section 7597, subdivision (a), prohibits smoking in a public building, or outside of a public building within 20 feet of its entrance or exit.

arguing the trial court lacked jurisdiction over the causes of action alleged therein because plaintiff failed to exhaust his administrative remedies as required by *Campbell, supra,* 35 Cal.4th 311. (Code Civ. Proc., § 430.10, subd. (a).) The Assembly also asserted that because plaintiff failed to exhaust his administrative remedies, his causes of action failed to state facts sufficient to constitute a cause of action. (*Id.,* subd. (e).) The State separately demurred, claiming plaintiff failed to state facts sufficient to constitute a cause of action by failing "to plead facts that support an employment relationship with the State . . . ." The trial court sustained both demurrers without leave to amend. Relying on *Lund v. Leprino Foods Co.* (E.D.Cal. June 20, 2007, No. CIV. S-06-0431 WBS KJM) 2007 U.S.Dist. Lexis 46705, which in turn relies on *Campbell*, the trial court found that plaintiff was required to exhaust the administrative remedy set forth in section 98.7 before pursuing his statutory claims in court, and that his causes of action for violations of sections 1102.5 and 6310 must be dismissed for failure to previously file a complaint with the Labor Commissioner. With respect to the State's demurrer, the court found that plaintiff's allegations were insufficient to show that the State employed plaintiff. Judgments were entered in defendants' favor, and the matter was dismissed.

Plaintiff appeals both judgments.

DISCUSSION

Plaintiff contends the trial court erred in sustaining the Assembly's demurrer because "California law makes clear" that he was not required to exhaust the administrative remedy set forth in section 98.7 before pursuing his causes of action in court. In support of his contention, plaintiff relies on *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 323 (*Lloyd*), in which a division of the Second Appellate District held that "[t]here is no requirement that a plaintiff pursue the Labor Code administrative procedure prior to pursuing a statutory cause of action." As we shall explain, in reaching that holding, *Lloyd* failed to distinguish *Campbell*, *supra*, 35 Cal.4th at page 321, which reaffirmed that " 'the rule is that where an administrative remedy is

3

provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' " Because we find *Campbell* controlling, we decline to follow *Lloyd*, and conclude that the trial court properly sustained the Assembly's demurrer to the first amended complaint without leave to amend. Because plaintiff was required to exhaust his administrative remedies before pursuing his causes of action against both the Assembly and the State, plaintiff's action against the State is likewise barred, and judgment of dismissal was properly entered in the State's favor on that basis as well.

A demurrer tests the sufficiency of a complaint. (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. (*Ibid.*) In reviewing the complaint, we must assume the truth of all facts properly pleaded by the plaintiff. (*Ibid.*) Upon reviewing a judgment of dismissal following the sustenance of a demurrer, the reviewing court may affirm "on any grounds stated in the demurrer, whether or not the [lower] court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324 (*Carman*); see also *Coker v. JP Morgan Chase Bank, N.A.* (2013) 218 Cal.App.4th 1, 7.) Where, as here, a trial court sustains a demurrer alleging that the plaintiff failed to state facts sufficient to constitute a cause of action, we must affirm the judgment of dismissal if the complaint, for any reason, fails to state a cause of action. (*Carman, supra,* at p. 324.) And when, as here, the demurrer has been sustained without leave to amend, we decide whether there is a reasonable possibility the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

"[S]ection 1102.5 is a whistleblower statute, the purpose of which is to 'encourag[e] workplace whistle-blowers to report unlawful acts without fearing

4

retaliation.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 287.) The subdivision relevant to this case states: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." (§ 1102.5, subd. (b).)

Section 6310 subdivision (a) provides in pertinent part: "No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: [¶] (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative."

Although sections 1102.5 and 6310 are silent regarding administrative remedies, section 98.7, subdivision (a), provides in pertinent part: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation."[3] Section 98.7 outlines a process of investigation and decision by the Labor Commissioner. (*Id.*, subds. (b)-(e).) Subdivision (f) of that section states: "The rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law." (*Id.*, subd. (f).) Moreover, section 6312 provides: "Any employee who believes that he or she has been discharged or otherwise discriminated against by any person in violation of Section 6310 or 6311 may file a complaint with the Labor Commissioner pursuant to Section 98.7."

---

[3]  Sections 1102.5 and 6310 are under the jurisdiction of the Labor Commissioner. (§§ 98.6, subd. (a), 6312.)

5

The rule of exhaustion of administrative remedies is well established in California jurisprudence. " 'In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' " (*Campbell, supra,* 35 Cal.4th at p. 321, quoting *Abelleira, supra,* 17 Cal.2d at p. 292.) This is so even where the administrative remedy is couched in permissive, as opposed to mandatory, language. (See *Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 734.) Here, an administrative remedy is provided in section 98.7. Thus, in accordance with *Campbell*, we conclude that plaintiff was required to exhaust that remedy prior to pursuing the underlying action.

Plaintiff urges us to follow *Lloyd, supra*, 172 Cal.App.4th at pages 323 and 331, in which the court held that "[t]here is no requirement that a plaintiff pursue the Labor Code administrative procedure prior to pursuing a statutory cause of action," and that section 98.7 "merely provides the employee with an additional remedy, which the employee may choose to pursue." For reasons already discussed, we do not believe this interpretation is correct.[4] Moreover, *Lloyd* inexplicably fails to mention *Campbell* in its analysis, and the

---

[4] To date, no published California decision has cited *Lloyd* for the proposition that an employee need not pursue the Labor Code administrative procedure prior to pursuing a statutory cause of action, and the majority of federal district courts have agreed that under *Campbell,* a plaintiff alleging a violation of section 1102.5 is required to allege exhaustion of administrative remedies with the Labor Commissioner before bringing suit. (See, e.g., *Kennedy v. Kings Mosquito Abatement Dist.* (E.D.Cal. Mar. 18, 2013, No. 1:12-cv-1458 AWI MJS) 2013 U.S.Dist. Lexis 37261, *40; *Miller v. Southwest Airlines, Co*. (N.D.Cal. Feb. 12, 2013, No. C 12-03482 WHA) 2013 U.S.Dist. Lexis 18835, *6-*7; *Papillon v. San Francisco Unified Sch. Dist.* (N.D.Cal. Oct. 12, 2012, No. C 12-01847 LB) 2012 U.S.Dist. Lexis 147470, *16-*19; *Wright v. Kaiser Found. Hosps.* (N.D.Cal. Sept. 17, 2012, No. C 12-00663 WHA) 2012 U.S.Dist. Lexis 132459, *6; *Brazill v. Cal. Northstate College of Pharm., LLC* (E.D.Cal. Aug. 2, 2012, No. Civ. 2:12-1218 WBS GGH) 2012 U.S.Dist. Lexis 108554, *14-*16; *Casissa v. First Republic Bank* (N.D.Cal. July 24, 2013, Nos. C 09-4129 CW & C 09-4130 CW) 2012 U.S.Dist. Lexis 103206, *22-*24; *Morrow v. City of Oakland* (N.D.Cal. June 12, 2012, No. C 11-02351 LB) 2012 U.S.Dist. Lexis 81318, *60-*63; *Toth v. Guardian Indus. Corp.* (E.D.Cal. Mar. 29, 2012,

6

cases which it does cite -- *Daly v. Exxon Corp.* (1997) 55 Cal.App.4th 39; *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338 -- antedate *Campbell.*[5] (*Lloyd, supra,* 172 Cal.App.4th at pp. 323, 331-332.)

We reject plaintiff's suggestion that *Campbell's* holding is limited to cases involving "internal administrative remedies." In *Campbell,* the issue was "whether an employee of the Regents of the University of California (the Regents) must exhaust

---

No. 1:12-CV-0001 LJO DLB) 2012 U.S.Dist. Lexis 44217, *8-*14; *Hanford Exec. Mgmt. Emple. Ass'n v. City of Hanford* (E.D.Cal. Feb. 23, 2012, No. 1:11-cv-00828-AWI-DLB) 2012 U.S.Dist. Lexis 23161, *58-*59; *Dolis v. Bleum USA, Inc.* (N.D.Cal. Sept. 28, 2011, No. C11-2713 TEH) 2011 U.S.Dist. Lexis 110575, *5-*6; *Ferretti v. Pfizer Inc.* (N.D.Cal. 2012) 855 F.Supp.2d 1017, 1022-1024; *Reynolds v. City & County of San Francisco* (N.D.Cal. Oct. 11, 2011, No. C 09-0301 RS) 2011 U.S.Dist. Lexis 117230, *4-*5; *Chacon v. Hous. Auth.* (E.D.Cal. June 29, 2011, No. 1:10-cv-2416 AWI GSA) 2011 U.S.Dist. Lexis 69637, *12-*14; *Cartwright v. Regents of the Univ. of Cal.* (E.D.Cal. July 22, 2009, No. 2:05-cv-02439-MCE-KJM) 2009 U.S.Dist. Lexis 62953, *21-*22; *Lund v. Leprino Foods Company, supra,* 2007 U.S.Dist. Lexis 46705, at p. *12; but see *Dowell v. Contra Costa County* (N.D.Cal. Mar. 1, 2013, No. 3:12-cv-05743-JCS) 2013 U.S.Dist. Lexis 28526, *32-*35; *Turner v. City & County of San Francisco* (N.D.Cal. Aug. 29, 2012, No. C-11-1427 EMC) 2012 U.S.Dist. Lexis 123161, *23-*24; *Mango v. City of Maywood* (C.D.Cal. Oct. 5, 2012, No. CV 11-5641-GW(FFMx)) 2012 U.S.Dist. Lexis 150929, *41; *Creighton v. City of Livingston* (E.D.Cal. Oct. 7, 2009, No. CV-F-08-1507 OWW/SMS) 2009 U.S.Dist. Lexis 93720, *33-*34.)

[5] Contrary to plaintiff's assertion, *Lloyd* does not "include the *Campbell* case in its analysis . . . ." *Lloyd's* lone reference to *Campbell* is as follows: "Citing the rule of exhaustion of administrative remedies (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942]; *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 [25 Cal.Rptr.3d 320, 106 P.3d 976]), the County contends Lloyd was obligated to pursue internal administrative remedies pursuant to the County's civil service rules, and his failure to exhaust bars his entire action." (*Lloyd, supra,* 172 Cal.App.4th at pp. 326-327.) *Lloyd* does not mention *Campbell* in its analysis of that issue, concluding instead that "[t]he County's argument is meritless because Lloyd's claim he suffered discrimination based on whistleblowing is not governed by the internal rules on which the County relies." (*Lloyd, supra,* at p. 327.) Nor does it mention it in its analysis of the issue relevant here -- whether the plaintiff was required to exhaust the administrative remedy set forth in section 98.7 before pursuing his causes of action for statutory violations of the Labor Code. (*Lloyd, supra, at* pp. 331-332.)

university internal administrative remedies before filing suit in superior court for retaliatory termination under either Government Code section 12653, subdivision (c), or Labor Code section 1102.5, sometimes called the 'whistleblower' statutes." (*Campbell, supra,* 35 Cal.4th at p. 317.) The court began its analysis with a discussion of the Regents' constitutional authority, and concluded that "[t]he Regents may create a policy for handling whistleblower claims under their power to organize and govern the University," and "[s]uch a policy is treated as a *statute* in order to determine whether the exhaustion doctrine applies." (*Id.* at p. 321, italics added.) Next, the court discussed the rule of exhaustion of administrative remedies: " 'In brief, the rule is that where an administrative remedy is provided by *statute*, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' " (*Ibid.*, italics added, quoting *Abelleira, supra,* 17 Cal.2d at p. 292.) Having concluded that the university's internal administrative procedures were equivalent to a statute, the court held that the employee was subject to the rule of exhaustion. (*Campbell, supra,* 35 Cal.4th at p. 324.) The court explained: "The present action involves a policy the Regents established to handle complaints of retaliatory dismissal for whistleblowing in an orderly manner. Because we may treat such a policy as equivalent to a statute in this action, and because that policy required Campbell to resort initially to internal grievance practices and procedures, Campbell had an administrative remedy within the meaning of *Abelleira* and its progeny." (*Ibid.*) Thus, contrary to plaintiff's assertion, *Campbell's* holding is not limited to cases involving internal administrative remedies; rather, it extends to situations " 'where an administrative remedy is provided by statute . . . .' " (*Id.* at p. 321, quoting *Abelleira, supra,* 17 Cal.2d at p. 292.)

Plaintiff also argues we need not follow *Campbell* because "the *Campbell* court never addressed nor analyzed California Labor Code section 98.7 . . . ." While *Campbell* does not specifically mention section 98.7, it held that "[t]he context of Labor Code section 1105, as well as the past 60 years of California law on administrative remedies,

argues against its abrogating the exhaustion requirement." (*Campbell*, *supra*, 35 Cal.4th at 329.) In any event, the salient point is that *Campbell's* holding encompasses situations, such as this, where an administrative remedy is provided by statute.

Because the administrative remedy at issue here is provided by statute, *Campbell* controls, and plaintiff was required to exhaust that remedy before pursuing the underlying action. Because he failed to do so, his claims are barred, and the trial court properly sustained the Assembly's demurrer to the first amended complaint. The judgment entered in favor of the State is properly sustained on this basis as well. (See *Carman, supra,* 31 Cal.3d at p. 324 [where a demurrer alleges the plaintiff failed to state facts sufficient to constitute a cause of action, the reviewing court must affirm the judgment of dismissal if the complaint, for any reason, fails to state a cause of action].) Accordingly, we need not consider plaintiff's contention that the trial court erred in sustaining the State's demurrer on the ground plaintiff failed to allege facts sufficient to demonstrate the State was plaintiff's employer.

## DISPOSITION

The judgments are affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                        BLEASE                , Acting P. J.


We concur:


      HULL                , J.


      BUTZ                , J.


9