**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RON E. REYNOLDS,

　　　　　Plaintiff - Appellant,

　v.

CITY AND COUNTY OF SAN
FRANCISCO, a public entity; SYDNEY
LAWS; PAGET MITCHELL; HEATHER
FONG; JAMES LYNCH,

　　　　　Defendants - Appellees.

No. 12-16042

D.C. No. 3:09-cv-00301-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

This case arises from allegations by Plaintiff-Appellant Ron Reynolds that members of the San Francisco Police Department Sex Crimes Unit, where Reynolds previously served as an Inspector and Sergeant, discriminated against him on account of his identity as a straight male. We must decide whether the district court properly disposed of Reynolds's claims by granting several of Defendants' pre-trial motions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

I

Reynolds appeals the district court's dismissal of his three retaliation claims, raised under California Labor Code § 1102.5, subsections (a), (b), and (c). The district court concluded that because Reynolds never filed a claim with the Labor Commissioner—a procedure outlined in California Labor Code § 98.7—he failed to exhaust required administrative remedies. Reynolds argues on appeal that this was error because exhaustion under California Labor Code § 98.7 is not required.

Prior to January 1, 2014, Reynolds faced an uphill battle. California Courts of Appeal (and consequently federal district courts) were split on whether, prior to filing a claim under § 1102.5, § 98.7 procedures had to be exhausted. *Compare Lloyd v. Cnty. of L.A.*, 90 Cal. Rptr. 3d 872, 881–82 (Cal. Ct. App. 2009) (holding that exhaustion is not required), *and Creighton v. City of Livingston* [*Creighton II*],

2

No. CV-F-08-1507 OWW/SMS, 2009 WL 3246825, at *8–12 (E.D. Cal. Oct. 7, 2009) (same), *with Adams v. Robert Mondavi Winery Woodbridge*, No. C055800, 2009 WL 3166669, at *6–11 (Cal. Ct. App. Oct. 5, 2009) (unpublished) (rejecting *Lloyd* after finding its "conclusion problematic" and concluding that exhaustion is required), *and Gonzalez v. City of McFarland*, No. 1:13-cv-00086-JLT, 2013 WL 2244504, at *14 (E.D. Cal. May 21, 2013) (rejecting *Creighton II* and holding that "California'[s] highest court would follow and expand its own precedent . . . to find that exhaustion under Labor Code 98.7 is required"), *and Dolis v. Bleum USA, Inc.*, No. C11-2713 TEH, 2011 WL 4501979, at *2 & n.2 (N.D. Cal. Sept. 28, 2011) (rejecting *Lloyd* and applying "the general rule requiring administrative exhaustion").

A California Supreme Court decision, however, strongly suggested that exhaustion was required. In *Campbell v. Regents of the University of California*, the California Supreme Court used broad language to describe the general benefits of the exhaustion requirement before concluding that § 1102.5 required employees to exhaust certain administrative remedies internal to an employer before filing a civil action. 106 P.3d 976, 979–83 (Cal. 2005). Most courts to subsequently address the issue read *Campbell* as a powerful signal that exhaustion under § 98.7 was required. *See, e.g.*, *Toth v. Guardian Indus. Corp.*, No. 1:12-CV-0001 LJO

3

DLB, 2012 WL 1076213, at *4–5 (E.D. Cal. Mar. 29, 2012) (finding it persuasive that "the vast majority of the other district court[s] . . . have uniformly found exhaustion necessary"); *Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford*, No. 1:11-cv-00828-AWI-DLB, 2012 WL 603222, at *17 (E.D. Cal. Feb. 23, 2012). The district court in this case reasonably followed the tide.

Since the district court issued its decision, the California Legislature enacted California Labor Code § 244(a) and amended § 98.7. Section 244(a) now states in pertinent part:

> An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy.

And § 98.7 includes a subsection stating, "In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures." Cal. Labor Code § 98.7(e).

In light of these changes, the relevant question on appeal is whether the new statutory language applies to the present case, relieving Reynolds of any duty to exhaust the administrative remedies available to him. Under California law, assessing the applicability of a legislative amendment is a two-step process that requires us to consider: (1) whether the amendment changes or merely clarifies

existing law and, if the former, (2) whether that change applies retroactively. *McClung v. Emp't Dev. Dep't*, 99 P.3d 1015, 1019 (Cal. 2004). An amendment changes the law if it is contrary to a prior, conclusive judicial interpretation. *See id.* But where "the courts have not yet finally and conclusively interpreted a statute and are in the process of doing so, a declaration of a later Legislature as to what the earlier Legislature intended" can be considered, but is not binding. *Id.* at 1019–20. "Generally, statutes operate prospectively only" and there is a presumption against retroactivity. *Id.* at 1021 (quoting *Myers v. Philip Morris Cos.*, 50 P.3d 751, 758 (Cal. 2002)).

Reynolds contends that the legislative amendments relieve him of the duty to exhaust because they clarify instead of change existing law. We agree. Although *Campbell* spoke broadly about the general exhaustion requirement, it did not specifically address the procedures described in California Labor Code § 98.7. *See* 106 P.3d at 979–83. And because *Campbell* did not "finally and definitively interpret[]" whether exhaustion under § 98.7 is a prerequisite to litigating claims under § 1102.5, the amendments did not "overrule . . . the judicial function" of interpreting the law. *McClung*, 99 P.3d at 1020. We also find persuasive the fact that SB 666, the bill which enacted § 244, described the bill as "clarif[ying] that an employee or job applicant is not required to exhaust administrative remedies or

5

procedures in order to bring a civil action under any provision of the Labor Code, unless the provision under which the action is brought expressly requires exhaustion of an administrative remedy." In light of the divergent interpretations of lower courts, we give this legislative declaration weight. Accordingly, we hold that the legislative amendments apply to Reynolds's case, and we reverse the district court's dismissal of his three retaliation claims, raised under California Labor Code § 1102.5. We remand this case for proceedings consistent with this disposition.

## II

We next turn to the remaining claims that were resolved on summary judgment. We review a district court's decision to grant summary judgment de novo. *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011).

First, Reynolds argues that the district court erred in granting Defendants summary judgment on his claim for unlawful discrimination based on gender and sexual orientation under California Government Code § 12940(a). The district court concluded that under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), and adopted by the California Supreme Court in *Guz v. Bechtel National, Inc.*, 8 P.3d 1089, 1113

6

(Cal. 2000), Reynolds failed to make out a prima facie case of discrimination. We agree.

Reynolds asserts that he suffered an adverse employment action as a result of the "investigation into the illegal tape recording." But he produced no evidence before the district court that the investigation into his conduct with respect to the tape recording—a recording on which he made inappropriate comments to a stalking suspect—was connected to his transfer.[1] On appeal, he now seeks to supplement the record with a letter dated September 26, 2008, stating that his initial transfer from the Sex Crimes Unit was later made permanent as a result of the conduct captured on the audio tape. He also seeks to supplement the record with a document entitled "Chief's Disciplinary Hearing Summary, Findings and Decision" and requests sanctions against Defendants for their failure to produce this document. The failure to produce was inadvertent, and we deny his request for sanctions. Furthermore, substantially the same information was available to Reynolds in other documents, including the September 26, 2008, letter. Absent extraordinary circumstances, we generally do not allow a party to supplement the

---

[1] It is undisputed that Reynolds's initial transfer out of the Sex Crimes Unit was the result of complaints about his performance lodged by the District Attorney's office—complaints that Reynolds does not contend are related to his gender and sexual orientation.

record on appeal, *United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009), and Federal Rule of Appellate Procedure 10(e) cannot be used "to supplement the record with material not introduced [before the district court] or with findings not made," *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993). Because Reynolds presents no extraordinary circumstances, we deny his motions and affirm for the same reasons stated by the district court.

Second, Reynolds argues that the district court erred in granting summary judgment for Defendants on his harassment claim brought under California Government Code § 12940(k). But Reynolds failed to establish a prima facie case because he showed neither that the alleged harassment was so severe that it created a hostile work environment nor that the Defendants failed to take adequate remedial and disciplinary action. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008); *see also Lyle v. Warner Bros. Television Prods.*, 132 P.3d 211, 220 (Cal. 2006) (noting that "California courts frequently seek guidance from Title VII decisions when interpreting" harassment claims).

In fact, the only comment directed at Reynolds that could arguably be based on sexual orientation or gender apparently came from Dolly Casazza who, in response to a decision by the California Supreme Court to enjoin San Francisco from continuing to issue marriage licenses to same-sex couples, stated: "Your

8

people did this and the people in Southern California."[2]  This statement does not clearly indicate animus on the basis of gender or sexual orientation and at most amounts to a stray remark.  *See Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990).  Although the evidence clearly demonstrates that Dolly Casazza did not like Reynolds, it does not show a pervasive pattern that Reynolds was harassed on account of his gender or sexual orientation.

Third, Reynolds argues that the district court erred in granting Defendants summary judgement on both federal and state wiretap and eavesdropping claims brought under 18 U.S.C. § 2511(1)(a) and California Penal Code § 632.[3]  But Reynolds does not have a cause of action under these statutes because he did not have a reasonable expectation of privacy in the conversation.  *See Siripongs v. Calderon*, 35 F.3d 1308, 1320 (9th Cir. 1994) (pertaining to the federal statute); *see also* Cal. Penal Code § 632(c) (defining the term "confidential communication"

---

[2]  Numerous colleagues, including several men, referred to Reynolds as "Dr. Laura" in reference to the conservative talk show host.  The record shows that a male coworker gave Reynolds the moniker because of Reynolds's tendency to engage in long psychotherapist-like conversations with victims and suspects.

[3]  California Penal Code § 637.5 "authorizes a civil cause of action for any violation of the applicable invasion-of-privacy statutory scheme, and Penal Code section 632 is the specific provision of that scheme that governs the unlawful recording of telephone conversations."  *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 919 n.1 (Cal. 2006).  Therefore, a private right of action exists to remedy violations of California Penal Code § 632.  *Id.* at 928.

in the statute to include only "communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto" and explicitly excluding communications made in circumstances where the parties "may reasonably expect that the communication may be overheard or recorded"). Reynolds took the call at his desk in the Sex Crimes Unit, which is part of a shared open workspace, during a time of day when others were likely to be present. He was aware of complaints that he was a loud telephone talker and yet did not proceed to a more private, available area. And, finally, the call was work-related and Reynolds openly discussed the call with a present coworker after he hung up. These facts, taken together, establish that Reynolds had no reasonable expectation of privacy in the call. *See, e.g.*, *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 814 (9th Cir. 2002) (concluding there was no reasonable expectation of privacy where corporate-related topics were discussed in a professional setting).

Fourth, Reynolds argues that the district court erred in granting Defendants summary judgment on his allegations that Defendants violated rights guaranteed to him by the Public Safety Officers Bill of Rights Act ("POBRA"). Reynolds contends that the district court misconstrued his claim as one raised under California Government Code § 3304(d) as opposed to under § 3309.5(e). But

10

§ 3309.5(e) merely specifies the remedies available for violations of other POBRA sections; it does not itself provide the bases for a claim.

The district court correctly addressed a potential violation of § 3304(d), and only a potential violation of that section, because no other specific POBRA provision was mentioned in Reynolds's Third Amended Complaint. Although Reynolds alleges other POBRA violations for the first time on appeal, those claims are waived. *See, e.g.*, *Int'l Union of Bricklayers Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985). There was no error in the district court's conclusion that Reynolds cannot establish a violation of § 3304(d) and Reynolds does not contest that conclusion on appeal. *Balser v. Dep't of Justice*, 327 F.3d 903, 911 (9th Cir. 2003) (stating that "[i]ssues not raised in the opening brief usually are deemed waived" (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995))).

For the foregoing reasons, this case is hereby affirmed in part, reversed in part, and remanded to the district court to allow Reynolds to proceed on his California Labor Code § 1102.5 claims. Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**