Opinion
 

 YEGAN, J.
 

 Here we promote the laudatory legislative goal of providing a safe workplace for employees. An employee who makes a bona fide complaint about working conditions or work practices should suffer no adverse employment consequences.
 

 Paula J. Daly appeals from a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend to her fourth amended complaint for wrongful termination. The trial court ruled that Daly did not state a cause of action arising out of her employer’s decision not to renew a one-year employment contract. We reverse and hold that Labor Code section 6310, subdivision (b), provides a statutory remedy where an employer unlawfully discriminates by not renewing an employment contract
 
 *42
 
 because the employee has made a bona fide complaint about unsafe work conditions.
 
 [1]
 

 Facts and Proceedings
 

 In 1989 Daly was hired by Exxon Company, U.S.A. Corporation, a division of Exxon Corporation (Exxon), to provide emergency medical services at the Las Flores Canyon Oil Treatment Facility. The written employment contract, entitled “Consulting Agreement,” was for a one-year term and provided that Exxon could renew the contract at its option. In 1990 and 1991, the contract was renewed.
 

 In the later part of 1991, Daly complained about Cal-OSHA (California Occupational Safety and Health Administration) violations and told her supervisors that a subcontractor was not providing for the safety of its employees. Exxon told her not to concern herself with such matters and to quit complaining. The subcontractor requested that Exxon terminate Daly. On April 17, 1992, Exxon gave Daly written notice that it would not renew her contract. The employment contract expired two weeks later on May 1, 1992.
 

 Daly filed suit for breach of contract and wrongful termination in violation of public policy. Exxon moved for judgment on the pleadings. The trial court ruled that the employment contract expired on its own terms and that no cause of action was stated.
 

 Daly filed a fourth amended complaint for wrongful termination, alleging a retaliatory firing in violation of public policy. Unlike the prior pleadings, the fourth amended complaint alleged that Daly was an at-will employee. Exxon demurred again. The trial court sustained the demurrer without leave to amend.
 

 Discussion
 

 Tollefson
 

 In
 
 Tollefson
 
 v.
 
 Roman Catholic Bishop
 
 (1990) 219 Cal.App.3d 843 [268 Cal.Rptr. 550], a high school teacher was hired to work as assistant principal for one year. At the end of the academic year, the school informed Tollefson that it would not renew her contract as an administrator. The school said that she could work as a teacher. Tollefson accepted employment as a teacher and sued for bad faith discharge, breach of employment contract, negligent discharge, and infliction of emotional distress. The school successfully moved for summary judgment on the ground that the employment contract
 
 *43
 
 had expired on its own terms. The Court of Appeal affirmed and held that plaintiff could not transmute an express, one-year employment contract into an implied contract for an indefinite term, terminable only for good cause.
 
 (Id.
 
 at p. 854.)
 

 We concur with the result and rationale of
 
 Tollefson.
 
 As we shall explain, however, it simply does not speak to the situation here presented, i.e., a claim of nonrenewal of employment in violation of public policy.
 

 Section 6310
 

 Citing
 
 Tollefson
 
 v.
 
 Roman Catholic Bishop, supra,
 
 219 Cal.App.3d 843, the trial court ruled that the fourth amended complaint failed to state a cause of action for wrongful termination in violation of public policy. The ruling was correct as to wrongful termination. However, the trial court did not properly consider Daly’s claim for statutory damages pursuant to section 6310, subdivision (b).
 

 On review, the demurrer admits all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.
 
 (Blank
 
 v.
 
 Kirwan
 
 (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) “Regardless of the label attached to the cause of action, we must examine the complaint’s factual allegations to determine whether they state a cause of action on any available legal theory. [Citation.] Reversible error is committed if the facts alleged show entitlement to relief under any possible legal theory. [Citation.]”
 
 (Wolfe
 
 v.
 
 State Farm Fire & Casualty Ins. Co.
 
 (1996) 46 Cal.App.4th 554, 560 [53 Cal.Rptr.2d 878].)
 

 The fourth amended complaint alleges that Exxon retaliated because Daly complained about unsafe work conditions. It states that Exxon terminated her in violation of “Labor Code Sections 6300,
 
 et seq.,
 
 the Occupational Safety and Health Act, ... in order to conceal wrong doing and cause action harmful to the public good.”
 

 Section 6310, subdivision (b), of the California Occupational Safety and Health Act provides in pertinent part: “Any employee who is discharged, threatened with discharge, demoted, suspended,
 
 or in any other manner discriminated against in terms and conditions of employment
 
 by his or her employer because the employee has made a bona fide oral or written complaint to . . . his or her employer, ... of unsafe working conditions, or work practices, . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.” (Italics added.)
 

 
 *44
 
 We conclude that the complaint can be amended to state a cause of action under section 6310, subdivision (b). Section 6310, subdivision (b), permits an action for damages if the employee is discharged, threatened with discharge, or discriminated against by his or her employer because of the employee’s complaints about unsafe work conditions.
 
 (Barton
 
 v.
 
 New United Motor Manufacturing, Inc.
 
 (1996) 43 Cal.App.4th 1200, 1205 [51 Cal.Rptr.2d 328];
 
 Jenkins
 
 v.
 
 Family Health Program
 
 (1989) 214 Cal.App.3d 440, 449 [262 Cal.Rptr. 798].) Here, it is alleged that Exxon discriminated against Daly by not renewing her employment contract. To prevail on the claim, she must prove that, but for her complaints about unsafe work conditions, Exxon would have renewed the employment contract. Damages, however, are limited to “lost wages and work benefits caused by the acts of the employer.” (§ 6310, subd. (b).)
 

 Exxon narrowly reads section 6310, claiming (1) this section only applies if it has committed a proscribed act during the actual term of Daly’s employment, and (2) it simply let Daly’s contract expire on its own terms. Section 6310 is remedial legislation which “. . . must be liberally construed ‘to effectuate its object and purpose, and to suppress the mischief at which it is directed.’ [Citation.]”
 
 (Ford Dealers Assn.
 
 v.
 
 Department of Motor Vehicles
 
 (1982) 32 Cal.3d 347, 356 [185 Cal.Rptr. 453, 650 P.2d 328].)
 

 Exxon’s construction of when section 6310 applies would allow an employer to unlawfully discriminate against an employee by not renewing a contract because the employee was seeking to advance bona fide safety concerns for other workers. This would violate the spirit, if not the letter of California public policy as embodied in section 6310, subdivision (b). The complaints were tendered during the period of employment and the decision not to renew the contract was also made during the period of employment. While Exxon enjoyed the contractual right of “terminating this agreement without cause” it cannot do so in violation of public policy.
 

 For similar reasons, we must give a reasonable construction to the word “discriminated” in section 6310, subdivision (b). “ ‘Discrimination’ is a term well understood in the law. It is in general a failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored. [Citation.]”
 
 (Baker
 
 v.
 
 California Land Title Company
 
 (C.D.Cal. 1972) 349 F.Supp. 235, 238.) Thus, an employee in Daly’s situation should not be singled out for disparate treatment because of complaints about unsafe work conditions. The word “discriminated,” in section 6310, subdivision (b), is broad enough to apply to an employer’s decision not to renew a fixed-term employment contract.
 

 
 *45
 

 Tameny
 

 Daly contends that she has pled a
 
 Tameny
 
 claim
 
 (Tameny
 
 v.
 
 Atlantic Richfield Co.
 
 (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314]) for wrongful termination in violation of public policy. The argument fails because she was not fired, discharged, or terminated. The contract was for a one-year term; it stated: “Exxon shall have the option in its sole discretion of terminating this Agreement without cause at any time by giving ten (10) days prior written notice thereof.” We reject the argument that the contract was ambiguous or that Daly was “terminated” as an at-will employee. The employment contract was for a fixed term and expired May 1,1992. Under a fixed-term contract, the “employment is terminated by . . . [1 . . . [e]xpiration of its appointed term.” (§ 2920, subd. (a).)
 

 Had Exxon fired, discharged, or terminated Daly before the contract expired because she complained about unsafe working conditions, she could have sued for wrongful discharge in addition to statutory damages.
 
 (Barton
 
 v.
 
 New United Motor Manufacturing, Inc., supra,
 
 43 Cal.App.4th 1200, 1205.)
 

 Daly’s use of the term “wrongful termination” is a misnomer. As indicated,
 
 Tollefson
 
 v.
 
 Roman Catholic Bishop, supra,
 
 219 Cal.App.3d 843, holds that an employee may not sue for tort damages where the employment contract is for a fixed term and expires.
 
 {Id.
 
 at p. 854.) “ ' “California law presumes a written contract supersedes all prior or contemporaneous oral agreements. [Citations.] Indeed, there simply cannot exist a valid express contract on one hand and an implied contract on the other, each embracing the identical subject but requiring different results and treatment. [Citations.]”
 
 (Id.
 
 at p. 855.)
 

 The instant case is no exception. The prior pleadings allege that the employment contract was for a fixed term. Daly admitted that she specifically requested the one-year term, that she consulted an attorney before signing the employment contract, and that any renewal or extension of the contract term required a written and signed agreement by the parties.
 

 The trial court correctly ruled that Daly was estopped from claiming that she had anything other than an employment contract for a fixed term.
 
 (Congleton
 
 v.
 
 National Union Fire Ins. Co.
 
 (1987) 189 Cal.App.3d 51, 62 [234 Cal.Rptr. 218] [an amendment which contradicts an admission in a prior pleading is, generally speaking, not allowed].)
 

 Conclusion
 

 Daly seeks leave to allege a new cause of action for what she labels “tortious nonrenewal of an employment contract in violation of public
 
 *46
 
 policy.” “We are unaware of any case, and [Daly] presents none, in which an employer was held liable in tort for refusing to renew an employment contract that had expired by its own terms.”
 
 (Schimmel
 
 v.
 
 NORCAL Mutual Ins. Co.
 
 (1995) 39 Cal.App.4th 1282, 1286 [46 Cal.Rptr.2d 401].) As discussed, Daly’s remedy is limited to section 6310, subdivision (b). Where an employer discriminates against the employee and retaliates by not renewing the employment contract, the employee may sue for statutory damages.
 
 (Barton
 
 v.
 
 New United Motor Manufacturing, Inc., supra,
 
 43 Cal.App.4th 1200, 1205;
 
 Hentzel
 
 v.
 
 Singer Co.
 
 (1982) 138 Cal.App.3d 290, 303-304 [188 Cal.Rptr. 159, 35 A.L.R.4th 1015].) There is no requirement that Daly exhaust her administrative remedies with the Labor Commissioner.
 
 (Hentzel
 
 v.
 
 Singer Co., supra,
 
 138 Cal.App.3d 290, 303-304;
 
 Jenkins
 
 v.
 
 Family Health Program, supra,
 
 214 Cal.App.3d 440, 449; 4 Wilcox, Cal. Employment Law (1996) § 60.03[2][r.l], pp. 60-30 to 60-31.)
 

 The judgment is reversed. The trial court is directed to vacate its order dismissing the action and to enter a new order sustaining the demurrer with leave to amend. Daly is awarded costs on appeal.
 

 Stone (S. J.), P. J., and Gilbert, J., concurred.
 

 On June 9, 1997, the opinion was modified to read as printed above. Respondents’ petition for review by the Supreme Court was denied August 13, 1997.
 

 [1]
 

 All statutory references are to the Labor Code.