THIRD DIVISION
May 3, 2006

No. 1-05-2342

SANDY A. KRUM,                                          )    Appeal from the
                                                       )    Circuit Court of
                    Plaintiff-Appellant,               )    Cook County
                                                       )
v.                                                     )
                                                       )    No. 04 L 014266
CHICAGO NATIONAL LEAGUE BALL CLUB, INC.,               )
d/b/a THE CHICAGO CUBS,                                )
                                                       )    Honorable
                    Defendant-Appellee.                ))   Stuart A. Nudelman,
                                                       )    Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff Sandy Krum (Krum) appeals from an order of the circuit court granting

defendant Chicago National League Ball Club, Inc.'s (the Cubs) motion to dismiss

pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS

5/2-615 and 5/2-619 (West 2004)).  On appeal, Krum contends that the circuit court

erred in dismissing his retaliatory discharge claim and in denying his motion for leave to

file an amended complaint.  We affirm.

BACKGROUND

Krum filed the instant lawsuit as a result of the Cubs' decision not to renew his one-year employment contract.  Krum alleged the following relevant facts in his complaint.  Krum was the assistant athletic trainer for the Cubs from 2001 until 2004.  Krum was licensed as required by the Illinois Athletic Trainers Practice Act (225 ILCS 5/4 (West 2004)).  The Cubs' head athletic trainer, however, did not have a license.  After discovering this fact, Krum met with the Cubs' general manager on August 16, 2004.  During their three and-a-half hour meeting, Krum informed the general manager of numerous improper events that had occurred during the course of the athletic trainers' duties, including the head athletic trainer's failure to have a license pursuant to the Athletic Trainers Practice Act.

In early October 2004, during one of the last games of the season, a member of the Cubs' board of directors approached Krum in the dugout and told Krum, "we are sorry for putting you through this and we will handle it next week."  On or about October 13, 2004, the Cubs "terminated" Krum.  The Cubs continued to pay Krum's salary pursuant to his employment contract until December 17, 2004, when the contract expired.  According to Krum, the Cubs terminated him in retaliation for Krum informing the general manager that "the head athletic trainer, the person responsible for making certain that the athletes of the Cubs were able to perform to the best of their ability and to quickly and adequately rehabilitate themselves from any injury, was not licensed to

so act in the State of Illinois." Krum also alleged that he performed his duties satisfactorily and was never disciplined or reprimanded or told of any deficiencies in his work. Krum further alleged that, but for his disclosure that the head athletic trainer was unlicensed, the Cubs would have retained Krum as an employee.

The Cubs filed a motion to dismiss Krum's complaint pursuant to sections 2-615 and 2-619 of the Code, which was supported with an affidavit from the Cubs' general manager as well as a copy of Krum's employment contract. The circuit court granted the motion pursuant to section 2-615 and Krum now appeals.

## ANALYSIS

We review motions to dismiss *de novo*. Owens v. McDermott, Will & Emory, 316 Ill. App. 3d 340, 344 (2000). We assume as true all facts pleaded in the complaint. Fisher v. Lexington Health Care, Inc., 188 Ill. 2d 455, 457 (1999). When reviewing motions to dismiss pursuant to section 2-615, we ask only whether the pleadings are sufficient to state a cause of action. Cwikla v. Sheir, 345 Ill. App. 3d 23, 29 (2003). We may affirm the trial court's order on any ground substantiated by the record. Kostal v. Pinkus Dermatopathology Laboratory, Inc., 357 Ill. App. 3d 381, 384 (2005).

To state a cause of action for retaliatory discharge, a plaintiff must plead: (1) that he or she has been discharged; (2) in retaliation for his or her activities; and (3) that the discharge violates a clear mandate of public policy. Stebbings v. The University of Chicago, 312 Ill. App. 3d 360, 365 (2000).

In granting the Cubs' motion to dismiss, the circuit court found that the

3

Whistleblower Act (740 ILCS 174/1 (West 2004)) preempted Krum's claim for retaliatory discharge and under the facts set forth in Krum's complaint, Krum was unable to establish a claim based on the Whistleblower Act. The court also found that, even if the Whistleblower Act did not preempt Krum's retaliatory discharge claim, his claim still failed because the Athletic Trainers Practice Act could not satisfy the policy element of retaliatory discharge. The court further held that the failure to renew an employment contract for a fixed duration could not serve as a basis for a retaliatory discharge claim.

Retaliatory Discharge

On appeal, Krum first contends the circuit court erred in holding that the failure to renew an employment contract for a fixed duration could not satisfy the "discharge" element in a cause of action for retaliatory discharge. Specifically, Krum argues that Illinois courts have previously recognized retaliatory discharge actions based on an employer's failure to rehire, and that other jurisdictions have recognized the failure to renew a contract as actionable retaliatory conduct. The Cubs counter that the authorities upon which Krum relies are inapposite, and that his complaint must fail because his employment contract with the Cubs provided for a fixed duration. We agree with the Cubs.

The retaliatory discharge cause of action is a very narrow exception to the doctrine of employment at-will. Palmateer v. International Harvester Co., 85 Ill. 2d 124, 128-29 (1981). Where an employment agreement does not specify a fixed duration, either party can terminate the relationship "at-will." Martin v. Federal Life Insurance Co.,

109 Ill. App. 3d 596, 600 (1982). The parties may alter the at-will nature of the relationship, however, by providing for a fixed duration of employment. Cress v. Recreation Services, Inc., 341 Ill. App. 3d 149, 171 (2003).

In Zimmerman v. Buchheit of Sparta, Inc., 164 Ill. 2d 29 (1994), the Illinois Supreme Court explained the scope of the retaliatory discharge cause of action. The court defined an at-will employee as "a *noncontracted* employee [who] serves at the employer's will, and the employer may discharge such an employee for any reason or no reason." Zimmerman, 164 Ill. 2d at 32 (emphasis added). Noting that previous courts intended retaliatory discharge to be narrowly applied, the Zimmerman court declined to recognize a cause of action predicated on retaliatory demotion. The court stated that recognizing retaliatory demotion would "replace the well-developed element of discharge with a new, ill-defined, and potentially all-encompassing concept of retaliatory conduct or discrimination." Zimmerman, 164 Ill. 2d at 39. We are thus constrained to interpret the elements of the retaliatory discharge cause of action narrowly.

Here, because Krum's employment was subject to a contract of fixed duration, he was not an at-will employee. Krum is unable to cite to a single case where Illinois courts have permitted a plaintiff to bring a retaliatory discharge claim on the basis of a fixed term employment contract. Nevertheless, he contends that "Illinois courts have long recognized that retaliatory discharge actions for failure to rehire or recall are valid." In each case upon which Krum relies, the underlying claims were based on the

Worker's Compensation Act (820 ILCS 310/4(h) (West 2004)), which specifically prohibits such retaliatory conduct. *See* Motsch v. Pine Roofing Co., 178 Ill. App. 3d 169, 175 (1989) (seasonal worker not recalled after filing worker's compensation claim); Klinkner v. County of DuPage, 331 Ill. App. 3d 48, 51 (2002) (denying plaintiff's claim for retaliatory failure to rehire or recall); Pietruszynski v. McClier Corp., 338 Ill. App. 3d 58, 64 (2003) (shielding employees from retaliation for testifying in worker's compensation proceedings).

Krum nevertheless points to cases from other jurisdictions that have recognized retaliatory discharge claims based on refusal to rehire or recall. Again, in each of these cases, the underlying claim was based on a statute or law that specifically prohibited retaliatory failure to rehire or retaliatory discrimination. *See* Johnson v. Trustees of Durham Technical Community College, 139 N.C. App. 676, 683, 535 S.E. 2d 357, 362 (2000) (recognizing claim where statute defined retaliation as any "adverse employment action"); Daly v. Exxon Corp., 55 Cal. App. 4th 39, 43, 63 Cal. Rptr. 2d 727, 729 (1997) (permitting claim where statute defined retaliation to include demotion, suspension, or any manner of adverse discrimination). *See also* Kramer v. Logan County School District No. R-1, 157 F.3d 620, 621 (8th Cir. 1998) (federal gender discrimination law); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 275, (3d Cir. 1998) (federal age discrimination law); Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1133 (5th Cir. 1981) (Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)).

Unlike the laws underlying these cases, the Athletic Trainers Practice Act, the

statute upon which Krum relies, contains no language prohibiting retaliatory employment conduct.  Since our supreme court has consistently sought to restrict the common law tort of retaliatory discharge, we hold that, absent a statutory basis, contractual employees, such as Krum, cannot bring a claim for retaliatory discharge when employers fail to renew an employment contract.

Because we find that Krum cannot satisfy the first element of his claim for retaliatory discharge,  we need not reach Krum's contention that the circuit court erred in finding that the Whistleblower Act preempted Krum's claim for retaliatory discharge.

Motion for Leave to File an Amended Complaint

Krum's final contention on appeal is that the circuit court erred in denying his motion for leave to file an amended complaint.  Subsequent to the circuit court's dismissal of Krum's complaint, Krum made an oral motion for leave to file an amended complaint.  The circuit court denied Krum's motion, finding that there were no additional facts Krum could plead to cure the deficiencies in his complaint.

We review the circuit court's decision for abuse of discretion.  Clemons v. Mechanical Devices Co., 202 Ill. 2d 344, 351-52 (2002).  The factors we consider are whether: (1) the proposed amendment would cure a defect in the pleadings; (2) the proposed amendment would prejudice or surprise other parties; (3) the proposed amendment is timely; (4) there were previous opportunities to amend the pleading. Clemons, 202 Ill. 2d at 355-56.

Krum argues that he never proposed an amendment because the court never

7

allowed him the opportunity to do so. He does not now propose an amendment either, he only argues that it was improper for the circuit court to deny him the opportunity to file an amended complaint. Notwithstanding Krum's contention, because we find that Krum cannot establish that he was "discharged," he would be unable to allege any facts to set forth a claim for retaliatory discharge. Therefore, the circuit court did not abuse its discretion in denying his motion for leave to file an amended complaint.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

THEIS, J., with ERICKSON, J., concurring.