**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY LUCHETTI, | No. 09-17193 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01629-SI |
| v. | |
| HERSHEY COMPANY, a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted January 14, 2011[**]
San Francisco, California

Before: WALLACE, NOONAN, and SILVERMAN, Circuit Judges.

Luchetti appeals from the district court's summary judgment in favor of The

Hershey Company (Hershey). The district court had jurisdiction pursuant to 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1332(a)(1) and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

Both California Labor Code § 1102.5 (West 2010) and § 6310 (West 2003) require that Luchetti prove he expressed his opposition to Hershey's safety practices or lack thereof. *Daly v. Exxon Corp.*, 63 Cal. Rptr. 2d 727, 729 (Cal. Ct. App. 1997); *Taylor v. Lockheed Martin Corp.*, 92 Cal. Rptr. 2d 873, 881–82 (Cal. Ct. App. 2000); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1133 (Cal. 2005). Luchetti argues that his oral complaints to Soles, his supervisor, together with his email with a copy to Soles, create a triable issue of fact as to whether Luchetti was expressing opposition to participation in the status quo, which included ongoing violations of Cal-OSHA. The district court disagreed and so do we. Neither Luchetti's email, nor his conversation with Soles, is evidence of any opposition to Hershey's safety practices. The evidence shows only that Luchetti discussed how to best address safety practices at the plant with his supervisors and co-worker. In addition, none of Luchetti's evidence shows that he complained about the legality of Hershey's practices or procedures. *See Holmes v. General Dynamics Corp.*, 22 Cal. Rptr. 2d 172, 181 (Cal. Ct. App. 1993). Finally, Luchetti failed to rebut Hershey's evidence that his termination was for a legitimate reason that was not a pretext for retaliation.

**AFFIRMED.**