Filed 3/30/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| EMILY GALLUP,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>THE SUPERIOR COURT OF NEVADA COUNTY,<br><br>    Defendant and Appellant. | C073452<br><br>(Super. Ct. No. 34-2011-00106805-CU-OE-GDS) |

APPEAL from a judgment of the Superior Court of Sacramento County, Richard K. Sueyoshi, Judge.  Reversed with directions.

Renne Sloan Holtzman Sakai, Timothy G. Yeung and Steven P. Shaw for Defendant and Appellant.

Law Office of M. Catherine Jones, M. Catherine Jones; George F. Allen for Plaintiff and Respondent.

Defendant Superior Court of Nevada County (SCNC) appeals a jury verdict in favor of plaintiff and former employee Emily Gallup.  Gallup brought this action alleging, in part, that SCNC retaliated against her in violation of Labor Code section 1102.5, subdivision (b)[1] for engaging in protected activity when she complained to her

---

[1]  Further statutory references to sections of an undesignated code are to the Labor Code.

1

supervisor, other court management, and the Administrative Office of the Courts (AOC)[2] that the Family Court Services Department (FCS) was not providing services in compliance with the law, rules, regulations, and policies.  SCNC demurred to this cause of action on the ground Gallup had failed to exhaust her administrative remedies under section 98.7.

The trial court overruled the demurrer, relying on *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320.  The case was tried before the jury on the section 1102.5, subdivision (b) cause of action alone, as all Gallup's other causes of action were disposed of by demurrer or summary judgment.  The jury found in Gallup's favor, awarding her past economic loss in the amount of $168,206, future economic loss in the amount of $105,000, and past noneconomic loss in the amount of $40,000, for a total of $313,206.

SCNC appeals from the judgment, raising as the only issue the trial court order overruling the demurrer.  We shall conclude that *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311 (*Campbell*), is the controlling authority, and shall reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal from a final judgment in a case that was tried before a jury after the trial court overruled defendant SCNC's demurrer.  The only issue tendered is whether the trial court erred in overruling the demurrer.  For purposes of review, we accept as true all facts property pleaded in the complaint in order to determine whether the demurrer was properly overruled.  (*Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 971.)  The standard of review is de novo.  (*Ibid.*)

Gallup was employed by SCNC as a mediator in the FCS.  Beginning in late 2009, Gallup raised concerns both verbally and in writing to her superiors about FCS's possible

---

[2]  The Judicial Council voted effective July 29, 2014, to retire the names Administrative Office of the Courts and AOC for the Judicial Council staff.

failure to follow applicable legal and ethical mandates. Gallup's concerns included insufficient time for mediation appointments, inadequate review of records and gathering of facts, failure to consider criminal histories, failure to advocate for the best interests of the children, failure to offer separate mediation to domestic violence victims, and use of undue influence to pressure parents into mediated agreements.

After Gallup made the above complaints, she was subjected to criticism and accusations of behaving unethically and unprofessionally, of being ineffective, and of taking too long on cases. Her work was subject to excessive scrutiny, and she was inappropriately interrupted while engaged in mediation sessions.

In April 2010 Gallup filed a grievance against SCNC pursuant to SCNC's Personnel Policies and Procedures Manual (Personnel Manual), alleging she was the victim of retaliation and harassment because she had voiced her concerns about violations of the California Rules of Court and the Family Code. Gallup went out on medical leave on July 2, 2010. She returned to work the day after completion of the grievance arbitration hearing, which was concluded on September 28, 2010.

On December 7, 2010, Gallup received a formal written reprimand. On December 8, 2010, she discovered a document left on the office printer when she retrieved her own work from the printer. It consisted of journal entries written by her supervisor, and was part of an effort to discredit her work performance. The next day Gallup gave the document to her attorney, then returned it to her supervisor. A day later she was called into a disciplinary meeting and accused of violating the confidentiality of the parties because she had shared the journal entries with her attorney. On December 14, 2010, Gallup received a "Notice of Intent to Dismiss from Employment." The stated reason for the termination was Gallup's disclosure of confidential information.

Gallup filed this action in April 2011. Her complaint contained several causes of action, including retaliation for whistleblowing pursuant to section 1102.5, subdivision

3

(b).[3] She alleged that she engaged in activity protected by section 1102.5, subdivision (b) when she complained to her supervisor, other court management, and the AOC, and informed them that FCS was not providing services in compliance with the law. She alleged her complaints were a contributing factor in SCNC's decision to retaliate against her by terminating her employment.

SCNC demurred to the complaint. The trial court sustained the demurrer in part and overruled it in part. At issue in this appeal is the trial court's overruling of the demurrer to Gallup's cause of action under section 1102.5. SCNC had argued such claims were barred because Gallup had failed to exhaust her administrative remedies. Relying on *Lloyd v. County of Los Angeles, supra,* 172 Cal.App.4th 320, the trial court concluded exhaustion of the administrative procedure was not a prerequisite to a civil action.

The case proceeded to jury trial solely on Gallup's cause of action under section 1102.5, subdivision (b). The jury found in Gallup's favor and awarded her $313,206 in damages.

In this appeal SCNC claims the trial court erred when it overruled the demurrer, finding exhaustion of administrative remedies was not a prerequisite to a judicial action

---

[3] Section 1102.5, subdivision (b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

4

under section 1102.5. We shall conclude Gallup was required to exhaust the administrative remedy provided by section 98.7.

DISCUSSION

The doctrine of exhaustion of administrative remedies holds that where an administrative remedy is provided by statute, relief must be sought and exhausted from the administrative body before the courts will act. (*Campbell, supra*, 35 Cal.4th at p. 321.) Accordingly, in *Campbell* the Supreme Court held that where an employee's complaint alleged her employer had violated section 1102.5, the exhaustion doctrine applied and the trial court properly sustained the employer's demurrer for failure to exhaust the employer's internal administrative remedies. (*Campbell,* at p. 333.)

Section 1102.5 is silent regarding administrative remedies, but another section of the Labor Code, section 98.7, subdivision (a), provides in part: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." SCNC contends Gallup was required to file a complaint with the labor commissioner pursuant to section 98.7 in order to exhaust her administrative remedies before seeking a judicial remedy for violation of section 1102.5.

Notwithstanding the holding of *Campbell* a division of the Second Appellate District held that section 98.7 merely provided the employee with an additional remedy, and that the employee was not required to exhaust section 98.7's administrative remedy before bringing a judicial action pursuant to section 1102.5. (*Lloyd, supra,* 172 Cal.App.4th 320, 331-332.) As stated, the trial court relied on *Lloyd* in overruling the demurrer.

5

In 2013 the Legislature passed Senate Bill No. 666 (2013-2014 Reg. Sess.) (Senate Bill 666).[4]  Senate Bill 666 added section 244, which states in pertinent part: "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy.  This subdivision shall not be construed to affect the requirements of Section 2699.3."[5]  (§ 244, subd. (a).)  Section 244 took effect January 1, 2014, after the trial was concluded and the case was pending appeal.  (Gov. Code, § 9600.)

At the same time it passed section 244, the Legislature amended section 98.7 to add the following language:  "In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures."  (Stats. 2013, ch. 732, § 3.)

As these amendments were enacted after judgment was rendered in this case, we must first decide whether the amendments affect the resolution of this case.

I

Amendments are Not Retroactive or Declaratory of Existing Law

"Generally, statutes operate prospectively only."  (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 840.)  Statutes operate prospectively unless they contain an express retroactivity provision, or it is " 'very clear' " the Legislature intended the statute to operate retroactively.  (*Id*. at p. 841.)  The statutes at issue do not contain an express retroactivity provision, and there is nothing in the legislative history of the legislation that would make it very clear the Legislature intended retroactivity.

_____

[4]  In footnote 8, *post*, we grant Gallup's request that this court take judicial notice of the text and legislative history of Senate Bill 666.

[5]  Section 2699.3 relates to a civil action to recover a civil penalty to be collected by the Labor and Workforce Development Agency.  (§§ 2699, 2699.3.)

Gallup points to the summary following a June 18, 2013, meeting of the Assembly Committee on Judiciary regarding Senate Bill 666, which stated: "this bill [¶] . . . [¶] . . . [c]larifies that an employee or job applicant is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of the Labor Code, unless the provision under which the action is brought expressly requires exhaustion of an administrative remedy." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013, p. 2.) Gallup argues that the use of the word "clarifies" is key because that means the amendments merely clarified what the law was, rather than changed the law.

" '[A] statute that merely *clarifies,* rather than changes, existing law does not operate retrospectively even if applied to transactions predating its enactment' 'because the true meaning of the statute remains the same.' [Citation.]" (*McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 471-472.) But the power of determining the true meaning of the statute rests with the courts, not the Legislature. The Legislature has the power to enact legislation, but the judicial branch interprets that legislation. (*Id.* at p. 472.) When the Supreme Court has "finally and definitively" interpreted a statute, the Legislature does not have the power to state that a later amendment is declarative of existing law if that existing law is contrary to the Supreme Court's interpretation. (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*).) On the other hand, if the Supreme Court has not yet "finally and definitively" interpreted the statute, the courts must give the Legislature's views due consideration. (*Ibid.*) Gallup argues *Campbell, supra*, 35 Cal.4th 311, did not finally and definitively determine that a plaintiff was required to exhaust the remedies provided in section 98.7 before bringing a court action for violation of section 1102.5, because the holding was limited to whether the employer University of California's (University) internal remedies were required to be exhausted. It did not address whether the remedies provided by section 98.7 must be exhausted before commencing an action for violation of section 1102.5.

7

Gallup urges us to give great weight not to any actual language in section 244 stating it to be declarative of existing law, but to legislative history in the form of a bill analysis, which stated that the bill would "clarify" that an employee is not required to exhaust administrative remedies before bringing an action pursuant to the Labor Code.

However, the Legislative Counsel's website shows 14 analyses of Senate Bill 666. (See *California Legislative Information,* Legislative Counsel Bureau <http://leginfo.legislature.ca.gov/> [as of Mar. 20, 2015].) Of the 10 analyses that mention the exhaustion provision, four state that the provision "clarifies" the law. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013, p. 2; see, e.g., Assem. Com. on Judiciary, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Sept. 4, 2013; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Aug. 22, 2013; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Apr. 11, 2013.) The other six state that the bill "Provides that it is not necessary for an individual to exhaust administrative remedies or procedures . . . ." (Assem. Com. on Labor and Employment, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill. No. 666. (2013-2014 Reg. Sess.) as amended May 7, 2013; see, e.g., Assem. Com. on Appropriations, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Aug. 5, 2013; Sen. Com. on Appropriations, Fiscal Summary of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013, May 23, 2013; Sen. Com. on Appropriations, Fiscal Summary of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013, May 20, 2013; Sen. Com. on Labor and Industrial Relations, Analysis of Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Apr. 11, 2013.) Thus any legislative understanding that the bill was declarative of existing law is equivocal at best.

"A court engaged in statutory construction looks to 'all pertinent circumstances and considerations in deciding whether an amendment is a modification or clarification of

a statute.' [Citation.]  And particularly when there is no definitive 'clarifying' expression by the Legislature in the amendments themselves, we will presume that a substantial or material statutory change . . . bespeaks legislative intention to change, and not just clarify, the law.  [Citations.]"  (*Fonseca v. City of Gilroy* (2007) 148 Cal.App.4th 1174, 1197.)  By this standard the statements in the bill analyses are insufficient to show a legislative intent to clarify, as opposed to change the law.  We therefore presume a legislative intent to change the law.

We are aware of a case recently decided by Division Five of the First District Court of Appeal, which held that the addition of section 244 and the amendment to section 98.7 were merely declarative of existing law because California case law prior to the amendment and addition did not require exhaustion of the section 98.7 remedy. (*Satyadi v. West Contra Cost Healthcare Dist*. (2014) 232 Cal.App.4th 1022.)  This California case law is one case--*Lloyd*.  This court is not, however, bound by the decision of another district court of appeal.  (*Estate of Cleveland* (1993) 17 Cal.App.4th 1700, 1709.)  More importantly, the issue of whether a court action for violation of section 1102.5 required exhaustion of the remedy in section 98.7 is not finally and definitively decided absent a decision on point by the Supreme Court.  (*Carter, supra*, 38 Cal.4th at p. 922.)  As we shall explain, we disagree with the reasoning in *Lloyd*, and follow the directive of the Supreme Court in *Campbell*, which *Lloyd* did not address in its analysis.

We also note that although we are not bound by lower federal court decisions, especially on issues of California law, most federal courts, but by no means all of them, have concluded that exhaustion of section 98.7 was required.[6]  We mention the fact

---

[6]  See, e.g., *Kennedy v. Kings Mosquito Abatement Dist.* (E.D.Cal. Mar. 18, 2013, No. 1:12-cv-1458 AWI MJS) 2013 U.S.Dist. Lexis 37261, *40; *Miller v. Southwest Airlines, Co.* (N.D.Cal. 2013) 923 F.Supp.2d 1206, 1209-1210; *Papillon v. San Francisco Unified Sch. Dist.* (N.D.Cal. Oct. 12, 2012, No. C 12-01847 LB) 2012 U.S.Dist. Lexis 147470, *16-*19; *Wright v. Kaiser Found. Hosps.* (N.D.Cal. Sept. 17, 2012, No. C 12-00663

9

because it emphasizes that it was not finally and definitively decided prior to the addition of section 244 and amendment to section 98.7, that exhaustion of the section 98.7 remedy was not required when bringing an action pursuant to section 1102.5, subdivision (b).

Gallup also argues the rule against retroactive application does not apply here because the statute merely affects a procedural change, citing *Brenton v. Metabolife Internat., Inc.* (2004) 116 Cal.App.4th 679, 689. However, statutes affecting a procedural change do not act retrospectively. Rather, they apply to a procedure to be followed in the future, even though the litigation involves an underlying dispute that arose from conduct occurring before the effective date of the new statute. (*Ibid.*; *City of Monte Sereno v. Padgett* (2007) 149 Cal.App.4th 1530, 1539.) Assuming section 244 affects only a procedural change, the procedure to which it related was the exhaustion of the remedies set forth in section 98.7, and that procedural step was to have been performed before

---

WHA) 2012 U.S.Dist. Lexis 132459, *6; *Brazill v. Cal. Northstate College of Pharm., LLC* (E.D.Cal. Aug. 2, 2012, No. Civ. 2:12-1218 WBS GGH) 2012 U.S.Dist. Lexis 108554, *14-*16; *Casissa v. First Republic Bank* (N.D.Cal. July 24, 2013, Nos. C 09-4129 CW & C 09-4130 CW) 2012 U.S.Dist. Lexis 103206, *22-*24; *Morrow v. City of Oakland* (N.D.Cal. June 12, 2012, No. C 11-02351 LB) 2012 U.S.Dist. Lexis 81318, *60-*63; *Toth v. Guardian Indus. Corp.* (E.D.Cal. Mar. 29, 2012, No. 1:12-CV-0001 LJO DLB) 2012 U.S.Dist. Lexis 44217, *8-*14; *Hanford Exec. Mgmt. Emple. Ass'n v. City of Hanford* (E.D.Cal. Feb. 23, 2012, No. 1:11-cv-00828-AWI-DLB) 2012 U.S.Dist. Lexis 23161, *58-*59; *Dolis v. Bleum USA, Inc.* (N.D.Cal. Sept. 28, 2011, No. C11-2713 TEH) 2011 U.S.Dist. Lexis 110575, *5-*6; *Ferretti v. Pfizer Inc.* (N.D.Cal. 2012) 855 F.Supp.2d 1017, 1022-1024; *Chacon v. Hous. Auth.* (E.D.Cal. June 29, 2011, No. 1:10-cv-2416 AWI GSA) 2011 U.S.Dist. Lexis 69637, *12-*14; *Cartwright v. Regents of the Univ. of Cal.* (E.D.Cal. July 22, 2009, No. 2:05-cv-02439-MCE-KJM) 2009 U.S.Dist. Lexis 62953, *21-*22; *Lund v. Leprino Foods Co.* (E.D. Cal. June 30, 2007, No. CIV. S-06-0431 WBS KJM) 2007 U.S.Dist. Lexis 46705, *12; but see *Dowell v. Contra Costa County* (N.D.Cal. 2013) 928 F.Supp.2d 1137, 1153; *Turner v. City & County of San Francisco* (N.D.Cal. 2012) 892 F.Supp.2d 1188, 1201-1202; *Mango v. City of Maywood* (C.D.Cal. Oct. 5, 2012, No. CV 11–5641–GW(FFMx)) 2012 U.S.Dist. Lexis 150929, *41; *Creighton v. City of Livingston* (E.D.Cal. Oct. 7, 2009, No. CV-F-08-1507 OWW/SMS) 2009 U.S.Dist. Lexis 93720, *33-*34.)

section 244 took effect.  There is no future procedure to which section 244 may now attach.

## II
## Section 1102.5 Requires Exhaustion

"[T]he rule of exhaustion of administrative remedies is well established in California jurisprudence . . . . 'In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'  (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (*Abelleira*).)  The rule 'is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts.'  (*Id.* at p. 293.)  . . . 'Exhaustion of *administrative* remedies is "a jurisdictional prerequisite to resort to the courts." [Citation].'  (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70.)" (*Campbell, supra*, 35 Cal. 4th 311, 321.)

In *Lloyd*, relied on by the trial court and by Gallup, the court concluded that "section 98.7 merely provides the employee with an additional remedy, which the employee may choose to pursue."  (*Lloyd, supra*, 172 Cal.App.4th at p. 331.)  This conclusion was based on the permissive language contained in section 98.7, and because subdivision (f) of section 98.7 provides:  " 'The rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law.' "[7]  (*Lloyd,* at p. 331.)  However, if an administrative remedy is available it must be exhausted, even if couched in permissive language.  (*Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 735.)  The permissive language is

---

[7]  *Lloyd* pointed to the following permissive language in section 98.7:  (1) " 'Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the labor Commissioner *may file* a complaint with the division . . . .' "  (2) " '*The complainant may, after notification of the Labor Commissioner's determination to dismiss a complaint, bring an action in an appropriate court*, . . . .' "  (*Lloyd, supra*, 172 Cal.App.4th at p. 331.)

11

interpreted to mean that an employee is not required to file a claim under the applicable administrative procedure, but if the employee wishes to seek relief based upon the violation of the statute, he or she must first pursue an available administrative remedy before resorting to the courts.  (*Morton v. Superior Court* (1970) 9 Cal.App.3d 977, 982.)

Citing *Daly v. Exxon Corp*. (1997) 55 Cal.App.4th 39, 46, and *Murray v. Oceanside Unified School Dist*. (2000) 79 Cal.App.4th 1338, 1359, *Lloyd* stated, "case law has recognized there is no requirement that a plaintiff proceed through the Labor Code administrative procedure in order to pursue a statutory cause of action."  (*Lloyd, supra*, 172 Cal.App.4th at pp. 331-332.)  This analysis ignored the Supreme Court's decision in *Campbell*, and the cases *Lloyd* cited predate *Campbell*.

*Campbell* involved a University employee terminated by the University after making complaints about possible violations of California's competitive bidding laws.  (*Campbell, supra*, 35 Cal.4th at p. 317.)  Campbell's complaint to the court alleged, inter alia, that she had been terminated in violation of section 1102.5.  (*Campbell,* at p. 319.)  The trial court sustained the University's demurrer on the ground Campbell had failed to exhaust her administrative remedies.  (*Ibid*.)  Although Campbell filed a complaint pursuant to an internal grievance procedure, the University informed her that she was required to use an internal complaint procedure designed specifically for individuals reporting improper government activities.  She did not do so, but instead filed an action in court against the University.  (*Campbell,* at pp. 318-319.)

The Supreme Court held that Campbell was required to exhaust her available administrative remedies before filing a court action for violation of section 1102.5.  (*Campbell, supra*, 35 Cal.4th at p. 329.)  *Lloyd* was correct that *Campbell* did not specifically require exhaustion of the Labor Code administrative procedure set forth in section 98.7.  However, citing *Abelleira, supra*, 17 Cal.2d at p. 292, *Campbell* repeated the rule " 'where an administrative remedy is provided *by statute*, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' "

12

(*Campbell*, at p. 321, italics added.)  The court held that because the University was a constitutionally created arm of the state with virtual autonomy in self-governance, its internal administrative procedures were the equivalent of a statute for the purpose of determining whether the exhaustion doctrine applied.  (*Id*. at pp. 320-321.)  Having determined an internal administrative remedy required exhaustion before filing a court action pursuant to section 1102.5, we have no doubt the Supreme Court would require exhaustion of a statutory administrative remedy before filing such an action, since the exhaustion doctrine specifically applies to administrative remedies provided by statute.

*Lloyd* also held that requiring an employee to exhaust administrative remedies would be inconsistent with the concerns underlying the Labor Code Private Attorneys General Act (PAGA) of 2004 (§ 2698 et seq.).  (*Lloyd, supra*, 172 Cal.App.4th at p. 332.)  The PAGA allows an aggrieved employee to bring a civil action to recover civil penalties for a violation of the Labor Code.  Respondent echoes that concern here.

The Legislature declared the following policy underlying the PAGA:  "Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future.  [¶] . . . It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general, while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act."  (Stats. 2003, ch. 906, § 1.)

However, the PAGA is not applicable in this case -- an action for damages based upon a violation of section 1102.5.  The PAGA applies whenever the Labor Code "provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code . . . ."  (§ 2699, subd. (a).)  Gallup has sued for various damages, but is not suing to recover a civil penalty.  Moreover, even an

13

action under the PAGA requires prior written notice to the Labor and Workforce Development Agency and the employer, and an opportunity for said agency to determine whether it will investigate the violation. (§ 2699.3.) There is no allegation that these prerequisites were met.

Citing the rule that we are to give deference to an agency's interpretation of its own governing statutes, Gallup claims the Department of Labor Standards Enforcement "has consistently maintained that exhaustion is not necessary . . . ." However, the documents to which Gallup refers in support of this statement are not evidence in the case, and are not judicially noticeable by this court. The documents referenced are described by Gallup's counsel as, "letters that have come to my attention from the Department of Labor Standards Enforcement ('DLSE') from my colleagues at my professional organization, California Employment Lawyers Association ('CELA' and in one case, Exhibit 4-C, to me directly because I wrote an inquiry to the [DLSE]." The letters all appear to be in response to some inquiry made to the Department of Labor Standards Enforcement (DLSE). Several simply state "[b]ased upon our analysis of the law, the Division's position is that exhaustion of remedies under Labor Code section 98.7 is not required prior to filing a civil action in superior court." The letters do not state the statutory bases for the underlying suits, thus with the exception of exhibit No. 4-C, which was written in response to counsel's inquiry in this case (although well after the time for exhaustion was required to be performed), there is no indication of what statute had been violated.

Two of the letters are more detailed. They state that the DLSE's "position" is that it is wiser not to require exhaustion of section 98.7. The reason for this position appears to be simply that it makes no sense to require a complainant to file a claim with the Labor Commissioner when they are represented by counsel that is ready and able to bring the case to court.

14

In any event, these letters are not official acts of DLSE as required by Evidence Code section 452, subdivision (c). They are not formal opinions, and have no precedential or legal effect. The letters state the position of the DLSE, but they are not official acts. Moreover, it is ultimately up to the court, not the administrative agency, to interpret the statute.[8] (*Styrene Information & Research Center v. Office of Environmental Health Hazard Assessment* (2012) 210 Cal.App.4th 1082, 1100.)

Gallup argues the exhaustion doctrine is not applicable here because the administrative remedy is inadequate, as section 98.7 does not provide for emotional distress damages or future lost wages, both of which she obtained from the jury. However, the administrative remedy need not be identical to the remedy available from the courts to be adequate. In fact, the exhaustion doctrine applies even where the administrative remedy provides no damages at all. (*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 476.) The rule of exhaustion is inapplicable because of inadequacy "only when the agency lacks authority to hear the complaint, not when the administrative procedures arguably limit the remedy the agency may award." (*Campbell, supra*, 35 Cal.4th 311, 323.)

III

Grievance Did Not Exhaust Administrative Remedies

Timing is crucial to understanding why Gallup's argument that her internal grievance served to exhaust her administrative remedies is meritless.

Gallup filed a grievance against SCNC on April 22, 2010. The grievance was filed pursuant to SCNC's Personnel Manual. The alleged basis of the grievance was that she "was the victim of retaliation and harassment because she had 'voiced concerns about

---

[8] Accordingly, Gallup's request for judicial notice is denied as to exhibit Nos. 4A-4F. The request as to the remaining exhibits, consisting of legislative history and documents filed in Gallup's arbitration, is granted. Appellant's requests for judicial notice of certain unpublished federal opinions and legislative history are granted.

potential violations of the California Rules of Court and the Family Code.' " On July 2, 2010, Gallup was placed on medical leave. She returned to work on September 29, 2010, after the arbitration hearing on the merits of her grievance. Gallup worked until December 21, 2010, when she received a notice of termination effective that day. The arbitrator's award was not issued until February 6, 2011. Gallup filed this action on April 8, 2011. On April 29, 2011, the arbitrator's award was vacated in its entirety for exceeding the scope of the parties' agreement to arbitrate and for being in excess of the arbitrator's jurisdiction.

The conduct which was the subject of the grievance was retaliation by her supervisor, Carmella Cellini, for not following Cellini's directives, which "conflict[ed] with the legal code," and for voicing "concerns about potential violations of the California Rules of Court and the Family Code . . . ." The pregrievance conduct alleged in the complaint is described generally as subjecting Gallup to criticism and excessive scrutiny. The complaint also alleges one disciplinary meeting that took place prior to the grievance proceeding. The vast majority of the conduct detailed in the complaint took place after Gallup filed her grievance, and is necessarily not the conduct addressed by the grievance procedure. Certainly the most serious of Gallup's accusations, the escalating criticism and punitive actions culminating in termination, were not the subject of the grievance. Consequently, the filing of the grievance did not serve to exhaust Gallup's administrative remedies.

IV

Tort Claim Did Not Exhaust Administrative Remedies

Gallup argues submission of a tort claim under the Government Claims Act (Gov. Code, § 810 et seq.) met the exhaustion requirement. It did not. The Government Claims Act and the exhaustion doctrine serve different purposes. The purpose of the Government Claims Act is to provide the entity with notice of the claim to allow investigation and settlement. (*Roberts v. County of Los Angeles* (2009) 175 Cal.App.4th

16

474, 480.)  By contrast, the purposes of the exhaustion doctrine are to bolster administrative autonomy, permit the agency to resolve factual issues and apply its expertise, to mitigate damages, and to promote judicial economy.  (*Jonathan Neil & Associates, Inc. v. Jones* (2004) 33 Cal.4th 917, 930-931.)

More importantly, the tort claim procedure provides no remedy.  The Government Claims Act requires a claim to be filed with SCNC's executive officer, but provides no remedy.  (Gov. Code, § 915, subd. (c)(1).)  Thus, filing a tort claim does not exhaust any remedy, and does not supplant the exhaustion doctrine.

## DISPOSITION

The judgment is reversed.  The trial court is directed to enter an order sustaining defendant SCNC's demurrer.  The parties shall bear their own costs on appeal.


    BLEASE    , Acting P. J.


We concur:


    NICHOLSON    , J.


    DUARTE    , J.