Filed 12/15/25

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANTHONY ROMERO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF KERN,<br><br>    Defendant and Respondent. | F088325<br><br>(Super. Ct. No. BCV-23-103260)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Bernard C. Barmann, Judge.

Brock & Gonzales, D. Aaron Block, Jesse S. Stratos and Andrew S. Pletcher for Plaintiff and Appellant.

Kendra L. Graham, Interim County Counsel, and Andrew C. Hamilton, Deputy County Counsel, for Defendant and Respondent.

-ooOoo-

Plaintiff Anthony Romero appeals a judgment entered following the trial court's grant of judgment on the pleadings in favor of his former employer, defendant County of Kern.  The issue on appeal is whether Romero's lawsuit against the County alleging his

employment was terminated in retaliation for his whistleblower activities is barred by his failure to exhaust administrative remedies. We conclude that Romero was not required to exhaust administrative remedies provided under the County's internal rules as those rules do not apply to his whistleblower retaliation claims. Accordingly, we reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Romero was hired in October 1999 as a fireman in the County fire department. Romero received positive performance reviews, obtained certifications and experience in fire prevention and code enforcement, and was promoted to the positions of engineer in 2009 and captain in 2019.

In January 2020, Romero learned that the fire extinguishers on the County's fire engines were being improperly serviced, which he believed was a safety hazard and a violation of the law. Romero complained about these issues to the battalion chief, citing several regulations and statutes. Romero also complained in writing to the deputy chief, who communicated the complaint to the fire marshal. Romero subsequently received a text message from the assistant fire marshal stating that he was no longer permitted to work in the assistant fire marshal's office. Romero was banned from working in fire prevention.

Romero complained he was banned in retaliation for his reports about the fire extinguishers, but his complaint was dismissed, and he was told he was banned for "unauthorized overtime." In April 2020, Romero filed an internal relations complaint with the County's Office of Human Resources, but that office denied the complaint in July 2020. In the fall of 2020, Romero escalated his complaint through the Kern County

---

[1]    The factual background is based on the allegations in the operative complaint and matters subject to judicial notice. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

Civil Service Commission, but he withdrew the complaint when the then fire chief assured him the retaliation issue would be addressed internally.

In January 2022, Romero was notified he was being investigated for possible misconduct, and he was placed on administrative leave four months later. On October 4, 2022, the County "terminated [Romero] for violations of Kern County Civil Service Commission and Fire Department rules and regulations."

On March 24, 2023, Romero served a claim with the County pursuant to the Government Claims Act (Gov. Code, § 810 et seq.) (Claims Act). The County rejected the claim on May 8, 2023.[2]

### *Judgment on the Pleadings*

Romero filed this action against the County in September 2023. In his first amended complaint filed the following month, Romero asserted three causes of action alleging that his employment was wrongfully terminated in retaliation for protected whistleblower activities in violation of Labor Code sections 1102.5, 6310, and 98.6.

After answering the complaint, the County moved for judgment on the pleadings on the ground Romero did not exhaust his administrative remedies. The County argued Romero was required to exhaust internal administrative remedies provided under section 3.04.080 of the Ordinance Code of Kern County (Ordinance 3.04.080), which contains a procedure for an employee to appeal his or her dismissal to the Commission, but Romero failed to allege that he completed such a procedure following his dismissal. The County asserted filing a claim under the Claims Act did not excuse Romero's failure to exhaust the County's administrative remedies. The County contended that because

---

[2]    The presentation of a claim pursuant to the Claims Act "is a separate, additional prerequisite to commencing an action against the state or a local public entity and is not a substitute for the exhaustion of an administrative remedy." (*Richards v. Department of Alcoholic Beverage Control* (2006) 139 Cal.App.4th 304, 315.)

Romero failed to avail himself of the County's internal administrative remedies, the trial court lacked jurisdiction and must grant the County's motion. The County asked the trial court to take judicial notice of title 3, chapter 3.04, of the Ordinance Code of Kern County, and the Rules of the Civil Service Commission for the County of Kern.[3]

Romero opposed the motion, arguing he was not obligated to exhaust the County's internal administrative appeals process because the rules did not provide a remedy for the whistleblower retaliation causes of action asserted in the first amended complaint. He argued *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320 (*Lloyd*), in which the appellate court found the plaintiff's whistleblower retaliation claim was not governed by Los Angele County's internal rules, was directly on point. (*Id*. at p. 327.) Romero stated in his points and authorities that he considered appealing the termination decision through the Commission, but he opted to withdraw his appeal and pursue remedies through the Claims Act, which he argued was the only administrative exhaustion requirement applicable to his claims. Romero requested leave to amend the first complaint should the trial court find it lacked jurisdiction over the dispute.

In reply, the County reiterated its argument that Romero was required to exhaust his administrative remedies before filing suit by appealing his termination to the Commission and he could not excuse his failure to comply with these procedures. The County asserted the trial court should deny leave to amend because Romero conceded he did not comply with the administrative appeals process.

A hearing on the motion was held on March 19, 2024.[4] After argument by counsel, the trial court granted both the County's request for judicial notice and the

---

[3] Subsequent references to rules are to the Rules of the Civil Service Commission for the County of Kern.

[4] There is no reporter's transcript of the March 19, 2024 hearing in the appellate record. It is not clear from the record if there was a court reporter at the hearing but, if there were, Romero did not request a transcript of that hearing.

motion for judgment on the pleadings without leave to amend. The court found Romero's lawsuit was barred by his failure to exhaust administrative remedies as he did not appeal his termination to the Commission and Romero's concession that he did not complete the administrative appeals process showed he could not amend his complaint to allege exhaustion. The County provided notice of entry of the trial court's order and judgment against Romero on April 2, 2024.

### *Romero's Motion for a New Trial*

On April 29, 2024, Romero moved for a new trial on the grounds there was an irregularity in the proceeding, an error in law, and insufficient evidence to support the trial court's ruling. Romero asked the trial court to reexamine its decision because the Los Angeles County Civil Service Rules (L.A. Civil Service Rules), specifically L.A. Civil Service Rules, rules 18.02, 18.03, and 4.03, which he asserted are analogous to the rules and essential to the analysis used in *Lloyd*, were not before the trial court. Romero argued that because Ordinance 3.04.080 does not permit the Commission to determine whether he was terminated in retaliation for whistleblower activity, the County's administrative rules and procedures do not apply to his claims.

Romero asked the trial court to take judicial notice of the Charter of the Los Angeles County, which contains the L.A. Civil Service Rules. He also submitted a declaration from one of his attorneys, Jesse S. Stratos, who appeared the March 19, 2024 hearing. Stratos described what happened at the hearing as follows: (1) he argued that *Lloyd*, *supra*, 172 Cal.App.4th 320 was the only case on point as it involved whistleblower retaliation and almost identical civil service rules; (2) the trial court responded that the L.A. Civil Service Rules were narrower than the rules at issue in this case; and (3) the trial court denied his request for supplemental briefing to present the L.A. Civil Service Rules to the court for comparison.

5.

The County opposed Romero's motion, arguing: (1) there was no irregularity in the proceedings as Romero had the opportunity to introduce the L.A. Civil Service Rules at the hearing; (2) the trial court may not consider the L.A. Civil Service Rules in deciding whether its decision was supported by sufficient evidence or there was an error of law; (3) the complaint's allegations and judicially noticeable evidence were sufficient to justify the trial court's ruling; and (4) even if the trial court considered the L.A. Civil Service Rules, they would not compel a different conclusion.

In reply, Romero asserted the L.A. Civil Service Rules were properly submitted in support of his motion and the trial court should have considered them. Romero also asserted there was irregularity in the proceedings, which led to an error in law, because the trial court relied on the County's misrepresentations in its reply brief on the motion for judgment on the pleadings and abused its discretion in denying Romero's request to submit additional briefing on the L.A. Civil Service Rules.

At the June 3, 2024 hearing on the new trial motion, the trial court announced its tentative ruling to grant Romero's request to take judicial notice of the L.A. Civil Service Rules, rules 18.02, 18.03, and 4.03. The trial court, however, was not inclined to grant a new trial as Romero had not demonstrated an irregularity in the proceedings or that there was insufficient evidence for the court to base its decision on, and there did not appear to be any error of law. After argument by counsel, the trial court granted Romero's request for judicial notice and denied the motion for new trial.

## DISCUSSION

Romero argues the trial court erred in finding he was required to exhaust administrative remedies before bringing his whistleblower retaliation action and therefore erred in granting the County's motion for judgment on the pleadings.[5] Romero contends

---

[5] Romero does not make any argument in his opening brief that the trial court erred in denying his motion for new trial. Accordingly, we do not address the merits of the

there were no administrative remedies for him to exhaust because the County's ordinances and rules do not govern the whistleblower retaliation claims he raises in this action. The County counters that Ordinance 3.04.080 and rule 1700 et seq., which address dismissals, suspensions, or reductions of County employees, apply to Romero's claims; therefore, he was required to exhaust that remedy before bringing this lawsuit.

## I.     Standard of Review

" 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. (Code Civ. Proc., § 438, subd. (c)(3)(B)(ii).) A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.) 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law ….' (*Ibid.*)" (*People ex rel. Harris v. Pac Anchor Transportation, Inc.*, *supra*, 59 Cal.4th at p. 777.) We review the complaint to determine whether it "alleges facts sufficient to state a cause of action under any legal theory." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) We affirm the judgment on the pleadings if it is supported by any proper ground, "even if the trial court relied on an improper ground" and regardless

---

trial court's ruling on that motion or whether it erred in taking judicial notice of the L.A. Civil Service Rules, which were not before the trial court when it decided the motion for judgment on the pleadings. (See *Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.* (2021) 59 Cal.App.5th 995, 1008 [" ' " '[w]hen an appellant fails to raise a point, or *asserts it but fails to support it with reasoned argument and citations to authority*, we treat the point as waived' " ' "]; *Mireskandari v. Gallagher* (2020) 59 Cal.App.5th 346, 371 [argument forfeited where the party failed to "provide any legal argument or citation to authority" to support it]; *Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 630 [review on appeal is "limited to issues adequately raised and supported in [the appellant's] brief"]; Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in a brief must be supported "by argument and, if possible, by citation of authority"].)

of whether "the defendants asserted the proper ground in the trial court." (See *id*. at p. 880, fn. 10.)

Moreover, " '[w]e review the application of the exhaustion doctrine to undisputed facts' " and "questions of statutory interpretation de novo." (*Carachure v. City of Azusa* (2025) 110 Cal.App.5th 776, 784–785.) The de novo standard of review applies to the construction of county ordinances and rules. (*Department of Health Services v. Civil Service Com*. (1993) 17 Cal.App.4th 487, 494.)

## II.    Exhaustion of Administrative Remedies

It is well established that where a statute provides an administrative remedy, that remedy must be exhausted as a jurisdictional prerequisite to filing suit. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292–293.) The exhaustion requirement applies to internal administrative remedies that are provided in county civil service rules. (*Los Angeles County Employees Assn. v. County of Los Angeles* (1976) 61 Cal.App.3d 926, 934.)

In *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311 (*Campbell*), our high court reiterated that the exhaustion of administrative remedies, including "internal grievance procedures" provided by a public entity, is a jurisdictional prerequisite to filing an action in court. (*Id*. at p. 321.) Noting that requiring the exhaustion of administrative remedies serves to (1) mitigate damages; (2) recognize the expertise of the quasi-judicial tribunal; and (3) "promote[] judicial economy" (*id*. at p. 322), the court held that a University of California employee who brought an action pursuant to Labor Code section 1102.5 was required to exhaust internal administrative remedies the Regents adopted. (*Campbell*, at p. 317.)

Requiring exhaustion of administrative remedies promotes judicial economy and affords due respect to the administrative or organizational dispute resolution process as: (1) "[a]llowing the administrative agency or organization an opportunity to redress the

alleged wrong without interference by the courts may make litigation unnecessary and relieve the courts of an unnecessary burden"; (2) "[e]ven if the plaintiff does not obtain complete relief, there may be partial relief that reduces the likelihood and scope of litigation"; (3) "[a]n administrative remedy ordinarily provides a more economical and less formal forum to resolve disputes and provides an opportunity to mitigate damages"; and (4) it "promotes the development of a more complete factual record and allows the agency to apply its expertise, both of which assist later judicial review if necessary." (*Shuer v. County of San Diego* (2004) 117 Cal.App.4th 476, 482.)

There are limits to the exhaustion doctrine. The exhaustion requirement does not apply "when a purported administrative remedy d[oes] not incorporate 'clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties.' " (*Hill RHF Housing Partners, L.P. v. City of Los Angeles* (2021) 12 Cal.5th 458, 479; *City of Coachella v. Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1287 [an administrative remedy is provided "where the administrative body is required to actually accept, evaluate and resolve disputes or complaints"].) Absent a "clear legislative direction to the contrary, a process proferred as an administrative remedy does not have to be exhausted when its dispute resolution procedures are so meager that it cannot fairly be regarded as a remedy at all. [Citations.] When the relevant extrajudicial procedures are so clearly wanting, the exhaustion rule does not come into play because it has been determined there is no genuine remedy to exhaust." (*Hill RHF Housing*, at p. 479.)

There also are several exceptions to the administrative exhaustion rule, including "when the claimed remedy might involve 'clearly defined machinery for the submission, evaluation and resolution' of at least some 'complaints by aggrieved parties' [citation], but these procedures are deemed inadequate in relation to the specific claim or claims being advanced in a particular case." (*Hill RHF Housing Partners, L.P. v. City of Los*

9.

*Angeles*, *supra*, 12 Cal.5th at pp. 479–480.)  Under that exception, a court may regard a given administrative procedure as insufficient to justify application of the exhaustion rule in a particular case without determining whether the process could ever be regarded as an administrative remedy.  (*Id*. at p. 480.)

Another exception applies "when the subject of controversy lies outside the agency's jurisdiction."  (*Campbell*, *supra*, 35 Cal.4th at p. 322.)  Where an administrative remedy is unavailable or inadequate, the rule requiring exhaustion of administrative remedies does not apply.  (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 217.)  For example, in *Lloyd*, a Los Angeles County employee alleged he was dismissed in retaliation for whistleblower activity.  The appellate court concluded the employee was not required to exhaust an internal administrative procedure that applied to claims of discrimination based on protected characteristics and "other non-merit factors," which was defined as "a personal or social characteristic or trait," since whistleblowing was conduct and not a characteristic or trait.  (*Lloyd*, *supra*, 172 Cal.App.4th at pp. 323, 327–328, italics omitted.)

## III.    The Availability of Administrative Remedies

The issue here is whether the County provided an administrative remedy to redress Romero's whistleblower retaliation claims.  The County contends that Ordinance 3.04.080 and rule 1700 et seq. provide an adequate administrative remedy that Romero was required to utilize before bringing this lawsuit and his failure to do so bars this action.

### A.    The County's Ordinances and Rules

Chapter 3.04 of the Ordinance Code of Kern County (Ordinance Code) adopts a civil service system "to establish an equitable and uniform procedure for dealing with personnel matters through a civil service commission and in order to place county employment upon a merit basis."  (Ord. Code, § 3.04.010.)  The Ordinance Code creates

10.

the commission and charges it with prescribing rules and regulations for the operation of the civil service system. (Ord. Code, §§ 3.04.030, 3.04.060.)

Ordinance 3.04.080 and rule 1705.00 set out the procedures to be followed whenever the appointing authority acts to dismiss, suspend, or reduce in rank or compensation a regular, non-probationary employee in the classified civil service. The appointing authority must provide the employee with written notice of the proposed disciplinary action at least five days before the proposed action's effective date. (Rule 1710.10.) The employee may respond to the appointing authority and informally present reasons, statements, and other materials as to why the proposed disciplinary action should not be taken. (Rule 1710.30.)

Disciplinary action becomes effective when the appointing authority executes a written order stating specifically the reasons for the action, which is filed with the division of human resources and the commission's secretary, and a copy given to the employee. (Ord. Code, § 3.04.080, subd. (A); rule 1725.00.) The employee may appeal from the order to the commission within 10 business days of being presented with the order. (Ord. Code, § 3.04.080, subd. (B); rule 1730.00.) When the commission calendars the hearing dates, the appointing authority is required to ensure a full bill of particulars is prepared citing the incidents and evidence to support the action taken against the employee, with a copy provided to the employee and the commission. (Rules 1730.20, 1730.30.)

The commission is required to commence the hearing within 20 calendar days from the filing of the appeal, and to either affirm, modify, or revoke the order. The commission may set hearing dates outside that time frame if it is unable to hold the hearing within it. The employee may appear personally, present evidence, and have counsel and a public hearing. (Ord. Code, § 3.04.080, subd. (C); rule 1735.10.) The rules contain procedures for addressing prehearing motions and motions made during the

11.

hearing, and for handling exhibits. (Rules 1735.19.10, 1735.19.20, 1735.22, 1735.23.) Each party is allowed to give opening and closing statements and to examine witnesses. (Rule 1735.21.)

Before the hearing date, the parties are required to submit certain information to the commission secretary, including witness and exhibit lists, and a one-page summary of the case setting forth the charges, the proposed discipline, and any defenses the employee intends to raise. (Rule 1735.24.) The employee or county department may be represented by a person of their choosing who is at least 18 years old and "reputed to be of good moral character," which is presumptive unless challenged by either party. (Rule 1735.30.) Persons involved in commission proceedings have a duty, among other things, "[t]o counsel or argue positions regarding disciplinary actions only as legal or just, and which pertain to alleged violations of the Rules of the Kern County Civil Service Commission." (Rule 1735.30.10(b).)

The commission must "determinate a verdict" within a reasonable time after the hearing is completed. (Rule 1740.00.) The commission may, by specific decision, affirm, revoke, or modify the order, and the appointing authority must enforce and follow the commission's decision. (Rule 1740.10.) The commission may employ a hearing officer to hear the appeal, who is required to submit to the commission a proposed decision, along with findings of fact and conclusions of law, which the commission is required to review and either adopt or take other action as appropriate under the law. (Ord. Code, § 3.04.080, subd. (D); rule 1750.00.) The commission's final order and decision must include a finding as to each ground or reason specified in the appointing authority's order. (Ord. Code, § 3.04.080, subd. (D).)

The rules address "DISCRIMINATION APPEALS" in rule 1800 et seq. Rule 1810.01 provides, in pertinent part: "Every person has the right to complain of and to seek remedy for acts of unlawful discrimination against or discriminatory harassment

12.

experienced by the person … in the County workplace. Unlawful discrimination is discrimination based on the person's race, national origin, sex, age, physical ability, medical condition, marital status, ancestry, religious affiliation, union affiliation, political affiliation, or sexual orientation." (See Ord. Code, § 3.04.110.)

County officers and employees are "prohibited from engaging in unlawful discrimination against or harassing any person or from retaliating against or taking adverse employment actions against a person based upon that person's complaint of unlawful discrimination or discriminatory harassment," and "from unlawfully discriminating against, retaliating against, or taking adverse employment actions against an employee" who is involved in an investigation, disciplinary action, or hearing before a governmental body arising out of a discrimination or harassment complaint. (Rules 1810.02, 1810.03.)

The rules set out the complaint procedure for claims of discrimination or harassment, which include: (1) filing a complaint with the county's equal employment opportunity officer, who informally investigates the complaint and, if it cannot be resolved, initiates a formal investigation and issues findings and recommendations; and (2) if the parties are not satisfied with the officer's findings, they may request a hearing before the commission to create an evidentiary record of the basis for the complaint and make factual findings and order or recommend specific remedies. (Rules 1820.00, 1820.01, 1820.02, 1830.00, 1830.01, 1830.02.)

### B.   Analysis

The question here is whether the Commission has the authority to hear a complaint like Romero's, i.e., that his dismissal was in retaliation for whistleblowing activity.[6] The

---

[6]    Romero asserts the County mischaracterizes his complaint as arising directly from his termination, rather than being based on whistleblower retaliation. While Romero's complaint is based on his claim the County retaliated against him for his whistleblowing

parties agree that rule 1810, which provides a procedure to address claims of discrimination and harassment, does not apply to Romero's whistleblower retaliation claims. This leaves Ordinance 3.04.080 and rule 1700 et seq., which the County contends govern Romero's claims because they provide procedures for a county employee to challenge his or her dismissal from county employment.

Even though Romero's claims arise from the termination of his employment, Ordinance 3.04.080 and rule 1700 et seq. do not incorporate clearly defined procedures for submitting, evaluating, and resolving his whistleblower retaliation complaints. As we have set out above, the ordinance and rules provide a mechanism by which an appointing authority may dismiss a county employee, namely, by written notice of the proposed disciplinary action which states the reasons for dismissal. (Ord. Code, § 3.04.080, subd. (A); rules 1705.00, 1710.10.) The employee may inspect the materials on which the notice is based and provide a response, which the appointing authority must consider. (Rules 1710.20, 1710.30.) If the appointing authority decides to proceed with disciplinary action, it must execute a written order stating the reasons for the dismissal, which the employee may appeal to the commission within 10 business days. (Rules 1725.00, 1730.00.) The commission does not investigate the matter; rather, it sets a hearing at which the parties may present opening and closing statements and evidence and examine witnesses. (Rules 1735.10, 1735.21.) Persons involved in the proceedings have a duty to argue positions which pertain to the alleged violations of the rules (rule 1735.30.10(b)), and the commission determines a verdict which specifies a finding as to each ground or reason charged and either affirms, revokes, or modifies the order (rules 1740.00, 1740.10).

---

activities, he alleges the act of retaliation was the County's termination of his employment.

These rules do not contain a mechanism for an employee to submit a complaint to the commission that he or she was dismissed in retaliation for whistleblowing activities or for the commission to evaluate and resolve those complaints. While an employee may be able to raise a retaliation claim when responding to the appointing authority's notice of its intent to take disciplinary action, the appointing authority is only required to consider the response before taking final disciplinary action. (Rule 1710.30.) Once the appointing authority executes a written order explaining the grounds for disciplinary action, there is no procedure for the employee to raise a retaliation claim. Arguments before the commission are limited to those that pertain to alleged violations of the rules (rule 1735.30.10(b)), and the commission is only required to make findings as to each ground or reason charged and may affirm, revoke, or modify the order (rules 1740.00, 1740.10). There is nothing in the Ordinance Code or rules that requires the commission to evaluate and resolve a whistleblower retaliation claim.

The County recognizes a commission is not required to address an employee's whistleblower retaliation claim in its verdict and "need not address the alternative factual circumstances argued by the employee, such as retaliation for whistleblowing." The County asserts, however, that the rules do not prohibit the Commission from considering such a claim and had Romero pursued an administrative claim he could have argued to the Commission that he was "innocent of the charges stated in the termination order" and instead was terminated in retaliation for protected whistleblowing activity.

But the County's position proves the point—the Commission is not *required* to accept, evaluate, and resolve a whistleblower retaliation claim. (See, e.g., *City of Coachella v. Riverside County Airport Land Use Com.*, *supra*, 210 Cal.App.3d at p. 1287 [the fact that a city may attend local airport land use commission hearings and submit materials relevant to adoption of legislative act did not constitute an administrative remedy as the commission was not required to do anything in response to the submissions

15.

or testimony received]; *Jacobs v. State Bd. of Optometry* (1978) 81 Cal.App.3d 1022, 1029 [a plaintiff is not required to exhaust administrative remedies where the applicable statute allowed interested person to petition a state agency requesting adoption or repeal of a regulation but did not mandate action or require the board to adopt formal regulations; the official body's mere possession of a " 'continuing supervisory or investigatory power' does not itself suffice to afford an administrative remedy"].)

Since the commission is not required to address an employee's whistleblower retaliation claim, one purpose of the administrative exhaustion doctrine, namely, to "aid[] judicial review by allowing the agency to draw upon its expertise and develop a factual record for the court's consideration" (*Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 383), is not satisfied should an employee attempt to present such a claim to the commission. Ordinance 3.04.080 and rule 1700 et seq. do not provide a sufficient process to unearth relevant evidence or develop a factual record for whistleblower retaliation claims. Notably, while the rules provide explicit procedures for the submission, evaluation, and resolution of claims of discrimination and harassment, including retaliation claims, those procedures are not available for whistleblower retaliation claims. Instead, in cases where an employee is dismissed for misconduct that does not involve claims of discrimination or harassment, the commission is only required to decide whether the employee committed the alleged misconduct and whether the order should be affirmed, revoked, or modified.

The instant action stands in contrast to *Campbell*. There, our Supreme Court held the plaintiff's lawsuit for whistleblower retaliation was barred for failure to exhaust internal administrative remedies because the plaintiff did not file a complaint under her employer's specifically established policies and procedures "to handle complaints of retaliatory dismissal for whistleblowing in an orderly manner." (*Campbell*, *supra*, 35 Cal.4th at pp. 318, 324; see *Palmer v. Regents of University of California* (2003)

16.

107 Cal.App.4th 899, 902, 903, 905–906 [the plaintiff's claim for wrongful discharge in violation of the public policy against retaliation for reporting unlawful activity was barred because the plaintiff failed to exhaust internal grievance procedures addressing retaliation for reporting improper activities].)  Here, the County does not cite to any specific policy or procedure it has in place to handle whistleblower retaliation complaints.

Because the County does not provide a clearly defined policy or procedure for the submission, evaluation, and resolution of whistleblower retaliation claims, Romero was not required to exhaust administrative remedies under the County's internal rules. Accordingly, the trial court erred in granting the County's motion for judgment on the pleadings and the judgment must be reversed.

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court with instructions to vacate the order granting the motion for judgment on the pleadings without leave to amend and enter a new and different order denying the motion. Appellant shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


                                                                    DE SANTOS, J.

WE CONCUR:


FRANSON, Acting P. J.


SNAUFFER, J.


17.